district court's Amended Order Affirming Order of Bankruptcy Court, entered July 26, 2004.

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Moshe LEICHNER, Defendant–Appellant.**

Nos. 05–50164, 05–50516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2006.

Decided May 17, 2006.

Becky S. Walker, Esq., R. Stephen Kramer, Esq., Beong–Soo Kim, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Philip Deitch, Esq., Van Nuys, CA, for Defendant–Appellant.

Before: LAY,* KLEINFELD, and SILVERMAN, Circuit Judges.

* The Honorable Donald P. Lay, Senior United   States Circuit Judge for the Eighth Circuit,

**MEMORANDUM** **

Moshe Leichner pleaded guilty to two counts of wire fraud, one count of transactional money laundering, and one count of civil forfeiture. Leichner now asserts the following six bases for appeal.

■ First, Leichner argues his plea was involuntary because the government failed to turn over potentially exculpatory materials under *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), materials prior to his plea allocution. *See Sanchez v. United States,* 50 F.3d 1448, 1453 (9th Cir.1995). Yet Leichner had the opportunity to inspect discovery before his plea hearing but still failed to produce, or identify, any specific *Brady* evidence that would have called into question the voluntariness of his plea.

Second, Leichner argues the government failed to make his business records available for inspection before his sentencing hearing and, as a result, he could not adequately contest the government's loss amount calculation and the number of victims it alleged were defrauded. Leichner also contends the government lost approximately sixty-five boxes of documents. Once again, however, the record reveals that defense counsel had access to, and inspected, discovery materials prior to the plea hearing, but nevertheless failed to provide the court with any evidence that would undercut the government's loss figures. Further, Leichner fails to state which, if any, specific documents were lost.

■ Third, Leichner argues the government breached the terms of his plea agreement when it did not provide him with access to discovery materials and failed to conduct an accounting of his

fraud. Yet nothing in paragraph 16, nor the entirety of the plea agreement, requires the government to provide Leichner with discovery materials; nor does the plea agreement place an affirmative duty on the government to conduct an accounting. Therefore, there was no error.

Fourth, Leichner argues the district court abused its discretion when it denied his motion to withdraw his guilty plea. However, Leichner has not show a "fair and just reason for requesting ... withdrawal," as Fed.R.Crim.P. 11(d)(2)(B) mandates. The district court did not prevent Leichner from contesting the loss amount calculation or from challenging the number of victims alleged to have been defrauded. Moreover, Leichner fails to demonstrate he was prejudiced when the district court misadvised him of his maximum statutory sentence. *See United States v. Hutchins,* 179 Fed.Appx. 594, 598 (11th Cir.2006). We note also that Leichner cannot now argue he was denied the effective assistance of counsel, as ordinarily we decline to review such challenges on direct appeal. *United States v. Jeronimo,* 398 F.3d 1149, 1155–56 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 198, 163 L.Ed.2d 188 (2005).[1] Even so, Leichner's ineffective assistance of counsel allegations flatly contradict statements he made during his plea colloquy regarding the adequacy and scope of defense counsel's representation.

■ Fifth, Leichner asserts the district court erred by relying on the Presentencing Report's ("PSR") conclusions, which found that over fifty investors had suffered a collective loss of between $50 to $100 million. However, in his plea agreement,

---

sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. There are two exceptions to this general rule, neither of which are applicable to this case. *Jeronimo,* 398 F.3d at 1156.

Leichner admitted that he had knowingly executed a scheme to defraud more than 300 investors of more than $135 million. Leichner also reaffirmed the validity of these figures at his plea allocution. *See United States v. Mikaelian,* 168 F.3d 380, 389 (9th Cir.1999) ("Stipulations as to material facts ... will be deemed to have been conclusively established.") (internal quotations and citations omitted).

Finally, Leichner argues the district court committed clear error when it used the factual findings set forth in the PSR to determine the amount of restitution. Once again, however, the PSR's findings relied on stipulations set forth in the plea agreement, as well as on admissions Leichner made during his plea colloquy. *Id.* Although Leichner contests the restitution amount generally, he fails to reference any specific errors in the PSR's report.

**AFFIRMED.**