# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10836
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

MOSHE LEICHNER,

Petitioner-Appellant

v.

KAREN EDENFIELD, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-25

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Moshe Leichner, federal prisoner # 21664-112, pleaded guilty in 2005 to two counts of wire fraud and one count of money laundering, in violation of 18 U.S.C. §§ 1343 and 1957, respectively. *See United States v. Leichner*, 181 F. App'x 634, 635 (9th Cir. 2006).

Leichner has appealed the dismissal of his petition under 28 U.S.C. § 2241, in which he contended that his money-laundering conviction should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10836

vacated in light of the Supreme Court's opinion in *United States v. Santos*, 553 U.S. 507 (2008), and this court's decision in *Garland v. Roy*, 615 F.3d 391 (5th Cir. 2010). Leichner contended that he should be permitted to assert this issue in a § 2241 proceeding under the Savings Clause of 28 U.S.C. § 2255. The district court held that Leichner could not show that he was convicted of a nonexistent offense in light of *Santos*. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

We assume, without deciding, that *Santos* applies in the § 1957 context. *See United States v. Bush*, 626 F.3d 527, 536 (9th Cir. 2010); *United States v. Kratt*, 579 F.3d 558, 560 (6th Cir. 2009). In making the wire transfer underlying the money-laundering offense, which was to fund the purchase of a residence, Leichner was not paying essential expenses of the wire-fraud scheme, which involved foreign-currency trading. *See United States v. Kennedy*, 707 F.3d 558, 567 (5th Cir.), *cert. denied*, 133 S. Ct. 2779, *and cert. denied*, 133 S. Ct. 2785 (2013); *see also Stewart v. Keffer*, 514 F. App'x 504, 507-08 (5th Cir. 2013). The wire transfer involved profits of the wire-fraud scheme, which was complete at the time the money-laundering offense occurred. Therefore, no merger problem is presented. *See Kennedy*, 707 F.3d at 565-67; *United States v. Fernandez*, 559 F.3d 303, 317 (5th Cir. 2009); *see also Santos*, 553 U.S. at 517 ("Interpreting 'proceeds' to mean 'profits' eliminates the merger problem."). The district court's judgment is AFFIRMED.