FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10597 |
| Plaintiff - Appellee, | D.C. No. CR-04-00323-WBS-1 |
| v. | |
| JIMMY QUAN, a.k.a. Toha Quan, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 2, 2009
San Francisco, California

Before: RYMER, McKEOWN and N.R. SMITH, Circuit Judges.


Petitioner Jimmy Quan ("Quan") appeals his final judgment and sentence on

one count of conspiracy to commit bankruptcy fraud (18 U.S.C. § 371), three

counts of concealing property (18 U.S.C. § 152(7)), one count of bankruptcy fraud

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(18 U.S.C. § 157(2)), and five counts of money laundering (18 U.S.C. § 1956(a)(1)(B)(i)). The ten counts center around three bankruptcy schemes that took place between March 1997 and August 2005. We affirm on all counts.

I.

Quan moved for acquittal on the grounds of insufficient evidence to support a single, overarching conspiracy to commit bankruptcy fraud. We review the district court's denial of the motion de novo. United States v. Marguet-Pillado, 560 F.3d 1078, 1081 (9th Cir. 2009). We are required to view the evidence in the light most favorable to the prosecution, and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. Id. Under a "factors analysis," there is sufficient evidence for a reasonable juror to have determined that a single conspiracy linked the three bankruptcy schemes. See United States v. Zemek, 634 F.2d 1159, 1168 (9th Cir. 1980) (holding that a "single conspiracy can be identified . . . either by isolating various elements under the 'factors' analysis or by aggregating evidence under the 'single agreement' test").

Because a rational juror could also have found that Quan intended to defeat the provisions of Title 11 by diverting funds and concealing various payments and

property interests, we affirm the district court's denial of Quan's motions regarding those counts as well.

## II.

Quan forfeited his objections to the jury instructions; we therefore review for plain error. See Johnson v. United States, 520 U.S. 461, 466-67 (1997). We have discretion not to take notice of any forfeited errors that fail to "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted).

The jury was explicitly told that in order to convict it must find that one of the members of the conspiracy committed at least one overt act for the purposes of carrying out the conspiracy. There is no reason to think that the jury believed acquitted co-conspirators could satisfy this requirement, and there was no error in the district court's failure to instruct that the jury was not permitted to convict Quan on this basis.

While it was error for the district court not to instruct the jury that the requisite overt act must have been performed within the statute of limitations period, the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. The jury found a conspirator (either Quan or Anna

3

Wong) guilty of three counts involving overt acts that occurred within the statute of limitations period. Each of these acts was capable of grounding the conspiracy charge; there is little reason to think the error had a detrimental affect on Quan's verdict.

Quan's contention that the jury should also have been instructed that pre-petition acts required him to have acted "in contemplation" of bankruptcy is unavailing. A conviction under 18 U.S.C. § 152(7) can be sustained by a jury finding that Quan acted with the intent to defeat the provisions of Title 11 *after* he filed a bankruptcy petition. Given the government's theory and the evidence it put forward at trial, it was not necessary for the jury to be instructed on the mens rea required for pre-petition acts.

## III.

Quan argues that no rational juror could have convicted him under 18 U.S.C. § 157(2) because the government did not present the jury with a fraud "outside the bankruptcy" as required by United States v. Milwitt, 475 F.3d 1150 (9th Cir. 2007). Under the facts alleged, Quan attempted to defraud his creditors and filed a bankruptcy petition in furtherance of that attempt. Even if Quan is correct that we

4

are bound by the distinction he identifies in Milwitt, his scheme qualifies as "outside" the bankruptcy for purposes of the statute.

IV

Quan's money laundering charges require a predicate offense separate and distinct from the act constituting the money laundering. United States v. Savage, 67 F.3d 1435, 1442 (9th Cir. 1995), partially abrogated on other grounds by United States v. Van Alstyne, 584 F.3d 803, 813 (9th Cir. 2009). Although Count Twenty-Three charges Quan with an offense lasting well beyond the laundering itself, the money laundering convictions are sufficiently supported by a separate and distinct phase of that offense—namely, Quan's failure to disclose the transfer of the property on Le Conte Avenue.

Finally, in light of our recent decision in Van Alstyne, Quan's argument based on Santos v. United States, 128 S. Ct. 2020 (2008) is foreclosed. In Van Alstyne we held "that 'proceeds' means 'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind that troubled the plurality and concurrence in Santos." Van Alstyne, 584 F.3d at 814. Because there was no such merger problem presented here, the receipts from the sale of the Le Conte

5

Avenue property qualify as proceeds sufficient for a conviction under the money laundering statute.

**AFFIRMED.**