**CORRECTED 01/08/2010**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10237 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-135-GEB |
| v. | |
| JOEL NATHAN WARD, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted October 6, 2009[**]
San Francisco, California

Before: RYMER and TASHIMA, Circuit Judges, and ADELMAN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Joel Nathan Ward stole over $11 million of the $15 million entrusted to him by investors. He pleaded guilty to five counts of wire fraud, two counts of mail fraud, and two counts of money laundering under 18 U.S.C. § 1957. The district court sentenced him to 108 months in prison and ordered restitution in the amount of $11,300,501.53. Ward appeals his money laundering convictions based on the intervening Supreme Court decision in *United States v. Santos*, 128 S. Ct. 2020 (2008), and his sentence. We affirm.

I

Where a criminal defendant seeks the benefit of a change in the law that occurs while his appeal is pending, but he did not raise the issue in the district court, review is for plain error. *See United States v. Turmon*, 122 F.3d 1167, 1169-70 (9th Cir. 1997). In *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009), the Ninth Circuit interpreted the precedential impact of the Supreme Court's fractured opinion in *Santos*. The court concluded that after *Santos*, the word "proceeds" in the federal money laundering statute, 18 U.S.C. § 1956, means "profits," rather than "receipts," when interpreting "proceeds" as "receipts" would present a merger problem. 584 F.3d at 814. A merger problem arises when treating "proceeds" as "gross receipts" means a violation of a specified criminal statute becomes a simultaneous violation of the money laundering statute, radically

increasing the sentence. *See id.* at 810. In *Van Alstyne*, the court reversed two money laundering convictions that were each based on a payment that was a "central component" of the underlying scheme to defraud, but upheld a money laundering conviction that was based on a payment that was "distinct" from the underlying mail fraud scheme and therefore, not a "crucial element" of the scheme to defraud. *Id.* at 814-16.

Ward was convicted of two counts of money laundering pursuant to 18 U.S.C. § 1957. Assuming (without deciding) that *Santos* and *Van Alstyne* apply to § 1957, Ward has not demonstrated plain error in his money laundering convictions. Ward's § 1957 convictions were premised on the purchase of two cashier's checks made payable to another of Ward's businesses, a foreign currency exchange trading school. Although persons who attended this school often became investors in Ward's fraudulent scheme, funding the school was not plainly a "central component" or "crucial element" of Ward's scheme to defraud. *See Van Alstyne*, 584 F.3d at 814-16. The school can reasonably be viewed as existing and operating independently of Ward's scheme, therefore the purchase of the cashier's checks to fund the school can reasonably be considered "distinct" from the scheme to defraud.

II

The undisputed Guidelines calculation recommended 108 to 135 months in prison. Ward proposed no, or little, jail time so that he could freely begin currency trading again, only this time in a controlled account, and try to make full restitution. The district court rejected the proposal because it did not adequately satisfy the sentencing goals articulated in 18 U.S.C. § 3553(a). We agree and perceive no error. Ward's proposal neglects almost all of the § 3553(a) sentencing factors. The district court's explanation for rejecting it was more than sufficient. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

We also conclude the within-Guidelines sentence was substantively reasonable. Restitution is not the only sentencing goal of § 3553(a). Ward did not attempt to show his case falls outside of the heartland of white-collar criminal cases; nor did he offer any realistic sentencing alternative. There were over ninety victims with losses in excess of $11 million. The district court thoughtfully considered the nature, severity, and duration of Ward's crimes, as well as Ward's personal history and characteristics, to reach a sentence at the low end of the Guidelines range. This strikes us as perfectly reasonable, and well within the district court's discretion.

AFFIRMED.