[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12374

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 06-00212-CR-J-33-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS D. KING,
a.k.a. Tom King,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 4, 2010)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Thomas King appeals his convictions of mail fraud, 18 U.S.C. § 1341, wire

fraud, id. § 1343, and money laundering, id. § 1956(a)(1)(A)(i).  At trial, the

United States proved that King, while the owner and operator of Miralink, a

Florida professional employer organization, defrauded clients into paying

premiums for workers' compensation insurance from Regency Insurance of the

West Indies, Limited, which was not licensed to provide insurance in Florida.  The

United States proved that from February to June 2002 clients paid Miralink

approximately $5,600,000 in insurance premiums.  The jury convicted King on ten

counts of mail fraud, ten counts of wire fraud, and three counts of money

laundering.  The district court sentenced King to concurrent terms of 60 months of

imprisonment for the mail and wire fraud convictions and 168 months of

imprisonment for the money laundering convictions.

King challenges his convictions and sentence on several grounds.  With

regard to his convictions of money laundering, King argues that the district court

should have dismissed the indictment because the factual allegations supporting

the money laundering counts are identical to the factual allegations supporting the

wire fraud counts and that the Double Jeopardy Clause prohibits prosecution and

punishment for both wire fraud and money laundering arising from the same facts.

King also argues for the first time on appeal that the government failed to allege or

prove that King laundered the profits, and not the proceeds, of his fraud.  See

2

United States v. Santos, 553 U.S. - - , 128 S. Ct. 2020 (2008); United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009). With regard to his fraud convictions, King argues that the United States must have proved that his scheme was reasonably calculated to deceive persons of ordinary prudence and comprehension. See United States v. Svete, 556 F.3d 1157 (11th Cir. 2009) (en banc). With regard to all of his convictions, King argues that the district court erred when it denied his motion for a judgment of acquittal based upon his defense of reliance on counsel. Finally, with regard to his sentence, King argues that the district court incorrectly determined the loss attributable to his fraud and so miscalculated the applicable guidelines range under section 2B1.1(b)(1) of the United States Sentencing Guidelines.

We have carefully reviewed the record and considered the parties' written and oral arguments, and we find no reversible error. King's convictions and sentence are **AFFIRMED**.