NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10051 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00795-JAT-1 |
| v. | |
| JAMES JOSEPH EVERETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted April 12, 2010[**]
San Francisco, California

Before: NOONAN and CALLAHAN, Circuit Judges, and MARTINEZ, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

James Everett appeals from his conviction for bankruptcy fraud. He raises four issues on appeal: (1) the jury was not properly instructed on the source of the funds that were allegedly money laundered and there was insufficient evidence to support his conviction for money laundering; (2) the Supreme Court's definition of "proceeds" as "profits" when used in the statute defining money laundering was not presented to the jury; (3) the prejudicial spillover from the money laundering counts tainted the jury's consideration of the other counts; and (4) the government failed to prove that his corporation was his alter ego. We affirm his conviction.

In late April, 2002, Everett formed a nominee corporation under Nevada law, Lott & Sires, Inc. On September 9, 2002, Everett filed for bankruptcy under Chapter 7, seeking to discharge in excess of $450,000 in debt. On January 3, 2003, Everett's bankruptcy was discharged, excusing in excess of $400,000 in debt. In the meantime, on July 1, 2002, Everett arranged a lease/purchase agreement for a house on Doubletree Ranch Road in Paradise Valley, Arizona. Everett, through Lott & Sires, proceeded to make monthly lease payments of $5,500, and in August 2004, he purchased the $1,100,000 house.

In August 2006, Everett was charged in a 34 count indictment with making false declarations in his bankruptcy proceeding by concealing his interest in Lott & Sires, the lease on the Doubletree house, two bank accounts, and his interest in his

deceased mother's estate. He was also charged with devising a scheme to defraud the bankruptcy court by concealing property. Counts 9 through 34 concerned the specific payments on the Doubletree home. At trial, Everett argued that Lott & Sires was owned by his law firm, and not by him. The jury found Everett guilty on all counts except count 7 which alleged that he had falsely declared that his monthly income was $4,300. Everett filed a timely notice of appeal.

We review de novo the district court's denial of a motion for judgment of acquittal based on insufficient evidence, but our review of the underlying jury verdict is highly deferential. *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007). "The evidence is sufficient to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Milwitt*, 475 F.3d 1150, 1154 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, (1979) (emphasis in original). "We review the district court's formulation of a jury instruction for abuse of discretion, although we review de novo the question whether a jury instruction misstates an element of the crime." *Dearing*, 504 F.3d at 900. Moreover, where a defendant fails to object to a jury instruction in the district court, we review for plain error, which requires that the court find clear or obvious error that affects the defendant's rights. *See United*

*States v. Klinger*, 128 F.3d 705, 710 (9th Cir. 1997); *United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995).

**1**. The jury was properly instructed on the source of the proceeds used to pay for the Doubletree house and there was sufficient evidence to support Everett's conviction for money laundering. Under 18 U.S.C. § 1956(a)(1)(B)(i) the government was required to show that the property used by Everett "involves the proceeds of specified unlawful activity." Here, the "specified unlawful activity" alleged in the indictment included Everett's "false declarations, certifications, verifications and/or statements under perjury in a bankruptcy proceeding." The government was not required to trace the property used to a laundered account. *See United States v. Golb*, 69 F.3d 1417, 1422 (9th Cir. 1995). There was substantial evidence that funds used to pay for the Doubletree house had been hidden from the bankruptcy court, and that at least some of the funds came from Everett's law firm's associates' earnings. Everett has failed to show that the jury was improperly instructed on the source of the funds or that there was insufficient evidence to support its verdict.

**2**. The district court properly rejected Everett's assertion that following the Supreme Court's opinion in *United States v. Santos*, 128 S. Ct. 202 (2008), the jury should have been instructed that the term "proceeds" is properly defined as limited

4

to "profits." Here, the "proceeds of unlawful activities" are the same regardless of whether "proceeds" are defined as "revenue" or "profits." The money laundering charges were based on Everett's "unlawful activities" consisting of false statements in bankruptcy proceedings designed to conceal assets belonging to the bankruptcy estate. As the district court noted, the "only expenses incurred would have be in advancing the scheme," and Everett never claimed any such expenses. Accordingly, the district court properly rejected Everett's request for a "*Santos*" instruction.

3. Everett has failed to show that there was any prejudicial spillover that tainted his conviction. To the extent that Everett argues that the evidence on the single count for which he was acquitted (falsely telling the bankruptcy court that his monthly income was $4,300) tainted the remaining counts, the district court properly concluded that the jury, having discerned that the evidence was insufficient to support that count, would not give that evidence undue weight when considering the other counts. To the extent that Everett argues that his conviction on the money laundering counts (Counts 9-34) influenced his conviction on the other counts, the argument fails. The evidence in support of the money laundering counts was not inflammatory, most of the evidence was also admissible in support of Counts 1-3, and the government's evidence was close to overwhelming. *See*

5

*United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009).  Furthermore, Everett's argument is unsupported by case law and contrary to the general policy of trying related criminal counts together.  *See United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988).  The district court properly rejected Everett's prejudicial spillover objection.

**4**.  Everett has not shown that the jury was improperly instructed on the concept of alter ego or that there was insufficient evidence to support the jury's determination that Lott & Sires was his alter ego.  Everett admits that the jury was properly instructed that an alter ego determination required it to find that "there is such unity of interest and ownership that the separate personalities of the corporation and its owner cease to exist," and that to observe the corporate form "would work an injustice."  Everett argues that the instruction also should have provided that "the mere fact that it is a one-man corporation does not mean the corporation is the alter ego of that one man."  We determine that the district court's formulation of the jury instruction was not an abuse of discretion because Everett's objection was not timely made in the district court and improperly sought to emphasize one of many factors relevant to a determination of "unity of interest."  Finally, the jury's finding that the corporation was Everett's alter ego is fully supported by evidence that Everett created Lott & Sires to conceal assets from the

6

bankruptcy court and that the corporation's sole activity was to facilitate Everett's lease and purchase of the Doubletree house. *See United States v. McNeil*, 320 F.3d 1034, 1035 (9th Cir. 2003).

Everett's conviction is **AFFIRMED**.