# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2010

No. 09-40723
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMED GHALI,

Petitioner-Appellant,

v.

KEITH ROY, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-135

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mohammed Ghali, federal prisoner # 30742-177, appeals the district court's dismissal of his petition, filed pursuant to 28 U.S.C. § 2241, in which he challenged the validity of his conviction for money laundering under 18 U.S.C. § 1956(a)(3)(A). Ghali's challenge was based on the holding in *United States v. Santos*, 553 U.S. 507 (2008), regarding the definition of the term "proceeds" within the money-laundering statute. Ghali contends that his claim may be considered under the savings clause of 28 U.S.C. § 2255(e) because *Santos* is

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

retroactive and establishes that he was convicted of a nonexistent offense and the claim was foreclosed by circuit law at the time of his direct appeal.

Under the savings clause of § 2255(e), a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citation omitted). To do so, the petitioner must show that (1) his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In September 2008, Ghali filed his first § 2255 motion, challenging his conviction on the same ground he raised in his § 2241 petition. Ghali's § 2255 motion is currently pending in the district court. He fails to show that the claim he now raises was foreclosed by circuit law at the time he filed his first § 2255 motion and thus fails to show that his claim falls within the savings clause of § 2255(e). *See Reyes-Requena*, 243 F.3d at 904.

Accordingly, the judgment of the district court is AFFIRMED. Ghali's motion to stay proceedings and to consolidate the appeal with the pending district court case is DENIED.