[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15246
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-20221-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIGO MOLINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 9, 2011)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Rodrigo Molina appeals his convictions and sentences, which totaled 42

months' imprisonment, for conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and § 1957.[1]  Citing *United States v. Santos*, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), Molina argues that the evidence was insufficient to convict him for conspiracy to launder money and for the substantive money laundering offenses because there was no evidence that he knew that the funds that he laundered were profits as opposed to gross receipts from wire fraud and transporting stolen property.

We review the denial of a motion for judgment of acquittal and the sufficiency of the evidence *de novo*, drawing all reasonable inferences and credibility assessments in the government's favor.  *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007).  We uphold a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotation and emphasis omitted).

To convict a defendant for conspiracy to commit money laundering under 18

---

[1]  The substantive money laundering offenses included two counts based on a specific transaction involving the proceeds of a specific unlawful activity, in violation of §§ 1956 (a)(1)(A)(i) and (a)(1)(B)(i), and two counts based on monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, in violation of § 1957.  The district court sentenced Molino to concurrent prison terms of 42 months for these convictions.

2

U.S.C. § 1956(h), the government must prove beyond a reasonable doubt that an agreement existed between two or more persons to commit a crime, and that the defendant knowingly and voluntarily joined or participated in the conspiracy. *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005). "Conspiracy may be proven by circumstantial evidence and the extent of the defendant's knowledge of details in the conspiracy does not matter if the proof shows that he knew the essential objective of the conspiracy." *United States v. Kennard*, 472 F.3d 851, 856 (11th Cir. 2006) (quotation and alterations omitted). In the case of a conspiracy to launder money, the "essential aspect of the conspiracy charge" is that the defendant "knew that the funds involved in the transactions represented the proceeds of unlawful activity." *United States v. Awan*, 966 F.2d 1415, 1434 (11th Cir. 1992).

To convict a defendant of money laundering in violation of § 1956(a)(1)(A)(i), the government must prove beyond a reasonable doubt that the defendant (1) engaged in a financial transaction, (2) which he knew involved funds that were the proceeds of some form of unlawful activity, (3) where the funds involved in the financial transaction in fact were the proceeds of a specified unlawful activity, and (4) that the defendant engaged in the financial transaction with the intent to promote the carrying on of the specified unlawful activity. *See*

18 U.S.C. § 1956(a)(1)(A)(i). To convict a defendant for money laundering in violation of § 1956(a)(1)(B)(i), the government must prove the same first three elements enumerated under § 1956(a)(1), but the fourth element, instead, requires the government to prove that "the defendant engaged in the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity." *United States v. Tarkoff*, 242 F.3d 991, 994 (11th Cir. 2001).

In *United States v. Santos*, the Supreme Court considered "whether the term 'proceeds' in the federal money laundering statute, 18 U.S.C. § 1956(a)(1), means 'receipts' or 'profits.'" 553 U.S. at 509, 128 S.Ct. at 2022. In *Santos*, the defendants were convicted of money laundering, in violation of § 1956(a)(1), for activities related to an illegal gambling business. *Id.* 553 U.S. at 509-10, 128 S.Ct. at 2022-23. The district court granted the defendants' 28 U.S.C. § 2255 motions to vacate the money laundering convictions, finding that the term "proceeds" applies only to transactions involving criminal profits, not criminal receipts, and that there was no evidence that the transactions that occurred in this gambling business involved profits. *Id.* 553 U.S. at 510, 128 S.Ct. at 2023. A plurality of four justices held that the statute's use of "proceeds" meant "profits." *Id.* at 513-14, 128 S.Ct. at 2025. Justice Stevens concurred only in the judgment and stated that,

4

because he believed that Congress delegated to federal judges the task of filling in the statute's gaps, the Supreme Court "need not pick a single definition of 'proceeds' applicable to every unlawful activity, no matter how incongruous some applications may be." *Id.* at 524-26, 128 S.Ct. at 2031-32 (Stevens, J., concurring). Justice Stevens concluded that "[t]he revenue generated by a gambling business that is used to pay the essential expenses of operating that business is not proceeds within the meaning of the money laundering statute." *Id.* at 528, 128 S.Ct. 2033 (Stevens, J., concurring) (quotations omitted).

After the plurality's decision in *Santos*, we stated that "*Santos* has limited precedential value." *United States v. Jennings*, 599 F.3d 1241, 1252 (11th Cir. 2010) (quotation omitted) (reviewing defendant's argument for plain error); *see also United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 421 (2009) (noting *Santos*'s limited precedential value). We noted that "[w]hen a fragmented [Supreme] Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Jennings*, 599 F.3d at 1252. Thus, we held that "[t]he narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956." *Id.*

5

(quotation omitted). Accordingly, in contexts other than an unlicensed gambling operation, we have continued to apply our previous definition of "proceeds" to include "receipts as well as profits." *Id.*; *see also Silvestri*, 409 F.3d at 1333 (noting that, in reviewing a defendant's money laundering conviction under 18 U.S.C. § 1957, the term "proceeds" represents total revenue).

To convict a defendant of money laundering under § 1957 the government must prove (1) that the defendant knowingly engaged or attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, and (2) that the property is derived from specified unlawful activity. *See* 18 U.S.C. § 1957(a); *Silvestri*, 409 F.3d at 1332-33. The statute explicitly provides that "the Government is not required to prove the defendant knew that the offense from which the criminally derived property was derived was specified unlawful activity." 18 U.S.C. § 1957(c).

Finally, we have "long recognized that the knowledge element of a violation of a criminal statute can be proved by demonstrating either actual knowledge or deliberate ignorance." *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006) (quotation omitted). "[I]f a party has his suspicion aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." *Id.* (quotation omitted). We have applied the

6

deliberate ignorance theory to cases involving substantive guilt determined by a jury, to determinations of relevant conduct at sentencing, and to cases where the defendant was charged with conspiracy. *Id.* at 953-54; *see also Kennard*, 472 F.3d at 858 (indicating that, with sufficient evidence, a deliberate ignorance theory may properly support a conviction for a conspiracy to launder money).

Viewing the evidence in the light most favorable to the government, we conclude that the government proved via circumstantial evidence that Molina "knew the essential objective of the conspiracy," *Kennard*, 472 F.3d at 856, and via direct evidence his deliberate ignorance as to the underlying fraud, *see Hristov*, 466 F.3d at 952 (holding that deliberate ignorance is sufficient to satisfy the knowledge element required for a criminal conviction).

Given the evidence that Molina was involved with opening or controlling 28 different bank accounts, his lack of surprise at the FBI seizures of several bank accounts, his actions in handling complaints from victims of the telemarketing fraud, and his role in resolving problems with the banks, there was sufficient evidence to demonstrate that Molina knew that he was involved in financial transactions designed to launder money fraudulently obtained from innocent victims. Further, there was sufficient evidence of Molina's deliberate ignorance to substitute for any lack of actual knowledge of the underlying fraud. Specifically,

7

in addition to Molina's responsibilities in dealing with the victims and the banks, Molina told U.S. Postal Inspector Arthur Frevola that he did not know everything about the accounts that he helped open and control, and that he did not want to know everything. Because Molina deliberately omitted to make further inquiries about the bank accounts and the source of the funds in those accounts in order to remain ignorant, Molina is deemed to have knowledge of the underlying specified unlawful activity. *See Hristov*, 466 F.3d at 952. Thus, a rational trier of fact could have found Molina guilty of conspiracy to launder money, as well as the substantive money laundering charges, beyond a reasonable doubt.

Furthermore, it was not necessary for the government to prove that Molina knew that the funds he was laundering were the profits from the fraudulent telemarketing operation rather than the gross receipts because the government was not required to prove that the funds were profits as opposed to gross receipts. *See Jennings*, 599 F.3d at 1252. In contexts other than an unlicensed gambling operation, we have continued to apply our definition of "proceeds" to include "receipts as well as profits." *Id.* Because neither the underlying telemarketing scheme or Molina's activities involved unlicensed gambling, the government's proof of the gross receipts into the bank accounts under Molina's control was sufficient to satisfy the statutory definition of "proceeds."

8

Molina next argues that his convictions should be reversed because the government constructively amended the indictment during its rebuttal of Molina's closing argument to the jury. Molina asserts that the prosecutor's statement that Molina only had to know that he was laundering the funds from any unlawful activity amended the indictment so that the jury could convict him on the basis of unlicensed securities dealings, rather than the unlawful activity specified in the indictment. Molina then reasserts his argument that the government did not present evidence that he laundered profits as opposed to gross receipts.

When not raised before the district court, issues regarding constructive amendment of an indictment are reviewed for plain error. *United States v. Dennis*, 237 F.3d 1295, 1299 (11th Cir. 2001). We may correct plain error only if there is (1) error, (2) that is plain, (3) that affects substantial rights, (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002).

"An amendment to an indictment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *Dennis*, 237 F.3d at 1299 (quotation omitted). The indictment may be amended as a result of erroneous jury

9

instructions or a prosecutor's statements. *United States v. Castro*, 89 F.3d 1443, 1453 (11th Cir. 1996). When considering an argument that an indictment was constructively amended, we are required to determine whether the prosecutor's actions, viewed in context, resulted in either the literal or effective expansion of the indictment. *United States v. Behety*, 32 F.3d 503, 508-09 (11th Cir. 1994). "When a constructive amendment occurs it violates a fundamental principle stemming from the Fifth Amendment" which requires that a defendant "only be convicted for a crime charged in the indictment." *Castro*, 89 F.3d at 1453 (quotation omitted).

In *Castro*, to determine whether a prosecutor's single remark constructively amended an indictment, we viewed the remark in light of the district court's instructions and the evidence proffered at trial, noting that, after mis-speaking, the prosecutor immediately requested that the jury rely on the testimony adduced at trial, and we further observed that the district court's instruction to the jury was correct. *Id.* After noting the solitary nature of the remark, the district court's instructions, and the evidence proffered at trial, we concluded that the jury could not have convicted the defendants based on a charge not contained in the indictment. *Id.*

Molina did not object to the prosecutor's statement at the time that it was made, nor did he ever raise a constructive amendment argument before the district

10

court. Accordingly, we review only for plain error. *Dennis*, 237 F.3d at1299. As in *Castro*, the prosecutor in this case made a single remark that, when viewed in context, did not allow the jury to convict Molina on a charge not contained in the indictment. Before making his misstatement, the prosecutor urged the jury to look to the court's instructions for the proper knowledge requirement. The district court, in turn, provided correct statements of the knowledge requirements necessary to convict for conspiracy to launder money, and for the substantive money laundering counts, when it instructed the jury using verbatim statutory language. Furthermore, even if the statement was error, such error was not "plain," and, moreover, it did not seriously affect the "fairness, integrity, or public reputation of judicial proceedings," and we may not exercise our discretion to correct it. *See Cotton*, 535 U.S. at 631, 122 S.Ct. at 1786.

Finally, Molina argues that the district court erroneously interpreted the money laundering Guideline, U.S.S.G. § 2S1.1. According to Molina, the court erred by finding that the money laundering statute and § 2S1.1 use different language and that because the relevant "value of funds" laundered actually constitutes the "proceeds of specified unlawful activity."

We review the district court's interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Zaldivar*, 615 F.3d 1346, 1350

11

(11th Cir. 2010).  Section 2S1.1 provides for a base offense level of eight "plus the number of offense levels from the table in § 2B1.1 . . . corresponding to the value of the laundered funds."  U.S.S.G. § 2S1.1(a)(2).

The district court did not error in refusing to limit its interpretation of "the value of the laundered funds" to the statutory language of "proceeds of specified unlawful activity," 18 U.S.C. § 1956(a)(1), because the Guideline covers not only money laundering under § 1956, but also offenses that violate § 1957, which does not contain the "proceeds" language.  *See* 18 U.S.C. § 1957(a); U.S.S.G. § 2S1.1 Commentary, Statutory Provisions.  Further, we rejected a narrow reading of "proceeds" as limited to "profits" in *Jennings*.  *See Jennings*, 599 F.3d at 1252.

For the foregoing reasons, Molina's convictions and sentences are

AFFIRMED.