Justice Scalia
announced the judgment of the Court and delivered an opinion, in which Justice Souter and Justice Ginsburg join, and in which Justice Thomas joins as to all but Part IV.
We consider whether the term “proceeds” in the federal money-laundering statute, 18 U. S. C. § 1956(a)(1), means “receipts” or “profits.”
I
From the 1970’s until 1994, respondent Santos operated a lottery in Indiana that was illegal under state law. See Ind. Code § 35-45-5-3 (West 2004). Santos employed a number of helpers to run the lottery. At bars and restaurants, Santos’s runners gathered bets from gamblers, kept a portion of the bets (between 15% and 25%) as their commissions, and delivered the rest to Santos’s collectors. Collectors, one of whom was respondent Diaz, then delivered the money to Santos, who used some of it to pay the salaries of collectors (including Diaz) and to pay the winners.
These payments to runners, collectors, and winners formed the basis of a 10-count indictment filed in the United States District Court for the Northern District of Indiana, naming Santos, Diaz, and 11 others. A jury found Santos guilty of one count of conspiracy to run an illegal gambling business (18 U. S. C. § 371), one count of running an illegal *510 gambling business (§ 1955), one count of conspiracy to launder money (§ 1956(a)(l)(A)(i) and § 1956(h)), and two counts of money laundering (§ 1956(a)(l)(A)(i)). The court sentenced Santos to 60 months of imprisonment on the two gambling counts and to 210 months of imprisonment on the three money-laundering counts. Diaz pleaded guilty to conspiracy to launder money, and the District Court sentenced him to 108 months of imprisonment. The Court of Appeals affirmed the convictions and sentences. United States v. Febus, 218 F. 3d 784 (CA7 2000). We declined to review the case. 531 U. S. 1021 (2000).
Thereafter, respondents filed motions under 28 U. S. C. § 2255, collaterally attacking their convictions and sentences. The District Court rejected all of their claims but one, a challenge to their money-laundering convictions based on the Seventh Circuit’s subsequent decision in United States v. Scialabba, 282 F. 3d 475 (2002), which held that the federal money-laundering statute’s prohibition of transactions involving criminal “proceeds” applies only to transactions involving criminal profits, not criminal receipts. Id., at 478. Applying that holding to respondents’ cases, the District Court found no evidence that the transactions on which the money-laundering convictions were based (Santos’s payments to runners, winners, and collectors and Diaz’s receipt of payment for his collection services) involved profits, as opposed to receipts, of the illegal lottery, and accordingly vacated the money-laundering convictions. The Court of Appeals affirmed, rejecting the Government’s contention that Scialabba was wrong and should be overruled. 461 F. 3d 886 (CA7 2006). We granted certiorari. 550 U. S. 902 (2007).
II
The federal money-laundering statute prohibits a number of activities involving criminal “proceeds.” Most relevant to this case is 18 U. S. C. § 1956(a)(l)(A)(i), which criminalizes *511 transactions to promote criminal activity.[1] This provision' uses the term “proceeds” in describing two elements of the offense: The Government must prove that a charged transaction “in fact involve[d] the proceeds of specified unlawful activity” (the proceeds element), and it also must prove that a defendant knew “that the property involved in” the charged transaction “representad] the proceeds of some form of unlawful activity” (the knowledge element). § 1956(a)(1).
The federal money-laundering statute does not define “proceeds.” When a term is undefined, we give it its ordinary meaning. Asgrow Seed Co. v. Winterboer, 513 U. S. 179, 187 (1995). “Proceeds” can mean either “receipts” or “profits.” Both meanings are accepted, and have long been accepted, in ordinary usage. See, e. g., 12 Oxford English Dictionary 544 (2d ed. 1989); Random House Dictionary of the English Language 1542 (2d ed. 1987); Webster’s New International Dictionary 1972 (2d ed. 1954) (hereinafter Webster’s 2d). The Government contends that dictionaries generally prefer the “receipts” definition over the “profits” definition, but any preference is too slight for us to conclude that “receipts” is the primary meaning of “proceeds.”
“Proceeds,” moreover, has not acquired a common meaning in the provisions of the Federal Criminal Code. Most leave the term undefined. See, e. g., 18 U. S. C. § 1963; 21 U. S. C. § 853. Recognizing the word’s inherent ambiguity, Congress *512 has defined “proceeds” in various criminal provisions, but sometimes has defined it to mean “receipts” and sometimes “profits.” Compare 18 U. S. C. § 23390(e)(3) (2000 ed., Supp. V) (receipts), § 981(a)(2)(A) (2000 ed.) (same), with § 981(a)(2)(B) (profits).
Since context gives meaning, we cannot say the money-laundering statute is truly ambiguous until we consider “proceeds” not in isolation but as it is used in the federal money-laundering statute. See United Sav. Assn, of Tex. v. Timbers of Inwood Forest Associates, Ltd., 484 U. S. 365, 371 (1988). The word appears repeatedly throughout the statute, but all of those appearances leave the ambiguity intact. Section 1956(a)(1) itself, for instance, makes sense under either definition: One can engage in a financial transaction with either receipts or profits of a crime; one can intend to promote the carrying on of a crime with either its receipts or its profits; and one can try to conceal the nature, location, etc., of either receipts or profits. The same is true of all the other provisions of this legislation in which the term “proceeds” is used. They make sense under either definition. See, for example, § 1956(a)(2)(B), which speaks of “proceeds” represented by a “monetary instrument or funds.”

 Section 1956(a)(1) reads as follows: “Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity... (A)(i) with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.” Respondents were also convicted of conspiring to launder money under § 1956(h). Because the Government has not argued that respondents’ conspiracy convictions could stand if “proceeds” meant “profits,” see 461F. 3d 886, 889 (CA7 2006), we do not address that possibility.