**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4344**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

DONOVAN ANTHONY MONCRIEFFE,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:07-cr-00177-CMH-1)

Submitted:  February 11, 2009        Decided:  March 24, 2009

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. K. Leibig, Andrea L. Moseley, ZWERLING, LEIBIG & MOSELEY, P.C., Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Daniel J. Grooms, Edmund P. Power, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donovan Anthony Moncrieffe was convicted after a jury trial of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (2006), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2006). The district court sentenced Moncrieffe to thirty-three months' imprisonment, and he timely appealed. We affirm.

On appeal, Moncrieffe first argues that the district court erred in denying his motion for judgment of acquittal as to the racketeering count because the Government failed to prove that he knew of the entirety of any of the three overarching purposes of the conspiracy alleged in the indictment. This court reviews the district court's decision to deny a Rule 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). This court will affirm the denial of a Rule 29 motion if "viewing the evidence in the light most favorable to the [G]overnment, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court reviews both direct and circumstantial evidence, and permits the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." Tresvant, 677 F.2d at 1021.

Our review of the record leads us to conclude that the evidence was sufficient to establish Moncrieffe's participation in at least two of the purposes of the conspiracy - both the illegal gambling and money laundering, and therefore, the Government was not required to prove he participated in the other conspiratorial acts. United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993).

Moncrieffe next claims the district court erred in denying his motion for judgment of acquittal on the conspiracy to launder money count. Moncrieffe relies on the recent Supreme Court plurality opinion United States v. Santos, 128 S. Ct. 2020 (2008) (Stevens, J., concurring). As Santos was decided after Moncrieffe's trial, and Moncrieffe did not raise this particular insufficiency claim in the district court, his claim is reviewed for plain error. See United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008); United States v. Beaver, 515 F.3d 730, 741 (7th Cir. 2008). Plain error requires Moncrieffe to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if he makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or

3

public reputation of judicial proceedings." Id. (quoting Untied States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)).

We reject Moncrieffe's claim. First, Moncrieffe's case is factually distinguishable from Santos. Unlike the situation in Santos, there was no possibility that Moncrieffe's act of supplying payroll checks and false W-2s merged the conduct of the Bansals' illegal gambling and bookmaking with the laundering of the profits from that gambling. Moreover, even under the Santos "profits" definition of "proceeds," Moncrieffe was properly convicted of conspiring to violate the money laundering statute because the "no-show" jobs and false W-2 forms Moncrieffe provided constitute evidence from which a reasonable fact-finder could have found that Moncrieffe laundered the profits of the Bansals' gambling operation.[1] Accordingly, Moncrieffe's second argument is without merit.

Moncrieffe next alleges that the district court erred in limiting his closing argument to twenty minutes. "It is axiomatic that the limitation of time for arguments of counsel

_____

[1] Moncrieffe argues that the Government failed to establish that funds loaned to him by the Bansals were the proceeds or profits of their gambling operation. That Moncrieffe may have also been a victim of the Bansals' loan sharking operation is irrelevant to his money laundering conviction.

is within the sound discretion of the trial judge." Butler v. United States, 317 F.2d 249, 257 (4th Cir. 1963). This court will reverse a district court's decision regarding closing argument only "when there is a clear abuse of its discretion." United States v. Rhynes, 196 F.3d 207, 236 (4th Cir. 1999), vacated in part on other grounds on reh'g en banc, 218 F.3d 310 (4th Cir. 2000).

The record indicates that defense counsel's inability to cover every point in his closing argument resulted, not from a "clear abuse of discretion" by the district court, but rather from counsel's inability to conform to the district court's time limitation. We conclude that the district court did not abuse its discretion in limiting Moncrieffe's closing argument.[2] Rhynes, 196 F.3d at 236-37 (citation omitted).

Moncrieffe next alleges the district court committed prejudicial errors by rejecting certain of his proposed jury instructions. A district court's refusal to give a requested instruction is reviewed for abuse of discretion. United States v. Brooks, 928 F.2d 1403, 1408 (4th Cir. 1991). A district court's refusal to give an instruction "is reversible error only if the instruction (1) was correct; (2) was not substantially

_____

[2] We note that the district court limited the Government even more severely, restricting it to a total of fifteen minutes for both closing argument and rebuttal.

5

covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Patterson, 150 F.3d 382, 388 (4th Cir. 1998).

Moncrieffe first argues that the district court erred in refusing to instruct the jury that the purposes of the RICO conspiracy were contained in paragraph seventeen of the indictment. Moncrieffe's argument fails because his proposed instructions were substantially covered by the court's instructions.

Moncrieffe next complains that the district court committed error in refusing to give his proposed instructions numbered 20 and 20A. According to Moncrieffe, the district court never explicitly defined the critical terms in Virginia Code § 18.2-328 or told the jury that it must find a violation of § 18.2-328 to convict him of the RICO conspiracy. We have reviewed the transcript and conclude that Moncrieffe's argument fails because the district court's instructions included all of the aspects of illegal gambling that the jury needed to find in order to convict Moncrieffe of the RICO conspiracy and provided, as an example of illegal gambling, the only portion of § 18.2-328 that the Government alleged had been violated. Moncrieffe's two proposed instructions would have instructed the

jury on portions of the Virginia statute not alleged to have been violated and on an exception to the Virginia statute that the evidence at trial did not support. Accordingly, the district court did not err in rejecting Moncrieffe's instructions 20 and 20A.

Moncrieffe next claims that the district court erred in denying his requested instruction regarding the testimony of an admitted perjurer. The district court substantially covered Moncrieffe's requested instruction through its instructions on witnesses credibility. Further, there was no impairment to Moncrieffe's defense as he was able to fully argue to the jury the credibility and admitted acts of perjury by the witness.

Moncrieffe next argues that the district court erred in denying his good faith defense instruction. Moncrieffe's argument regarding a good faith defense is simply a claim of lack of knowledge or intent of the underlying criminal activity or the goals of the conspiracies. The district court gave detailed instructions related to the mens rea requirements for both counts, and was, therefore, not required to give Moncrieffe's good faith defense instruction. United States v. Mancuso, 42 F.3d 836, 847 (4th Cir. 1994).

In his last argument related to jury instructions, Moncrieffe claims that, based on Santos, the district court erred in instructing the jury on the meaning of "proceeds" in

the money laundering statute.  Moncrieffe failed to object to the district court's instruction, and therefore his claim is reviewed on appeal for plain error.

Even if we assume that the district court erred in its instruction, Moncrieffe fails to establish that he is entitled to relief.  Moncrieffe cannot show that any error by the district court was plain because at the time of Moncrieffe's trial, the definition of "proceeds" in § 1956 was unsettled. See Olano, 507 U.S. at 734; United States v. Scialabba, 282 F.3d 475, 475 (7th Cir. 2002); United States v. Grasso, 381 F.3d 160, 167 (3d Cir. 2004), vacated on other grounds, Grasso v. United States, 544 U.S. 945 (2005).  Also, Moncrieffe cannot establish that the error affected his substantial rights because there was overwhelming evidence that he assisted the Bansals in disguising their illegal income.  Johnson v. United States, 520 U.S. 461, 470 (1997).  Accordingly, this claim fails.

Moncrieffe next argues that the district court erred in not providing the jury with a written copy of the jury instructions for their reference during their deliberations. The decision to provide a set of written instructions to the jury is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.  See United States v. Conley, 503 F.2d 520, 522 (8th Cir. 1974); United States v. Parent, 954 F.2d 23, 24 n.1 (1st Cir. 1992); United

8

States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006). This court has stated that "we presume that a properly instructed jury has acted in a manner consistent with the instructions." United States v. Alerre, 430 F.3d 681, 692 (4th Cir. 2005). At no point did the jury express confusion or ask to be reinstructed. In light of these facts, Moncrieffe fails to establish error by the district court.

Moncrieffe next raises several claims related to sentencing. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006), and determine an appropriate sentence.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any

deviation from the Guidelines range.  Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id.  A substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range.  Pauley, 511 F.3d at 473 (quotations and citation omitted).  Even if the reviewing court would have reached a different sentence result on its own, this fact alone is insufficient to justify reversal of the district court.  Id. at 474.

Moncrieffe first alleges that the district court committed procedural error in imposing his sentence by failing to adequately address his argument at sentencing or explain the basis for his sentence.  Although the district court was terse, the context and record make clear the court considered and rejected Moncrieffe's argument based on the Government's response.  Rita v. United States, 127 S. Ct. 2456, 2469 (2007). Moncrieffe, therefore, fails to show the district court committed procedural error in announcing its reason for his sentence.

Moncrieffe next alleges the district court committed procedural error in calculating his advisory Guidelines range on the money laundering count.  We have reviewed the sentencing transcript and reject Moncrieffe's argument.  Moreover, any such

10

error would be irrelevant because, under the grouping rules, his base offense level was established by his RICO conviction and not his money laundering conviction.

Finally, Moncrieffe argues his sentence was substantively unreasonable in that it created unwarranted sentencing disparities among his fellow co-defendants. Moncrieffe attempts to compare his sentence to those of co-defendants who cooperated or were acquitted of charges of which he was convicted. This court may presume a sentence within the advisory Guidelines range is reasonable, and Moncrieffe has failed to demonstrate that such a presumption is unwarranted here. Rita, 127 S. Ct. 2459.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11