NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50378 |
| Plaintiff - Appellee, | D.C. No. CR-03-00398-RMT-24 |
| v. | |
| ATIYEM ATIYENSALEM, a/k/a ATIYEH ATIYENSALEM, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert M. Takasugi, District Judge, Presiding

Argued and Submitted June 2, 2009
Pasadena, California

Before: RYMER, GRABER, and BEA, Circuit Judges.

Atiyem Atiyensalem appeals his judgment of conviction following a jury

trial for one count of conspiracy to commit money laundering in violation of 18

U.S.C. § 1956. Atiyensalem was sentenced to 33 months' imprisonment followed

by 36 months' supervised release and was ordered to pay a $100 special

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

assessment fee. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.[1]

Even assuming that the government's failure to disclose its intention to call Officer Michael Chaffee violated Federal Rule of Civil Procedure 16, Atiyensalem has failed to establish prejudice. There is no evidence in the record before us that, given additional time, Atiyensalem would have been able to procure evidence to impeach Officer Chaffee's testimony or attack his knowledge of Arabic. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

We express no opinion on Atiyensalem's ineffective assistance of counsel claims. Such claims are ordinarily not appropriate for resolution on direct appeal, and this case does not present one of the "extraordinary" circumstances that would warrant our ruling on the issue. *United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005). Whether the temporary suspension of Atiyensalem's counsel's license to practice law prejudiced Atiyensalem is best addressed by writ of habeas corpus. *Id.*

Atiyensalem argues for the first time on appeal that the district court erred in the jury instructions it gave because it did not define the term "proceeds" in the federal money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(i), as "profits." *See*

---

[1] We recite the facts only as necessary to our disposition.

*United States v. Santos*, 128 S. Ct. 2020 (2008); *United States v. Van Alstyne*, 584 F.3d 803, 814 (9th Cir. 2009). Because Atiyensalem did not raise this issue at trial, we review the claim for plain error. Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (alteration and internal quotation marks omitted). If these three elements are met, we may exercise our discretion to notice a forfeited error that (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (alteration and internal quotation marks omitted).

We hold the district court did not err in its jury instructions because the definition of proceeds in the present case is not limited to profits. Atiyensalem was not charged with any other crime that would have resulted in his being convicted for two different crimes for the same behavior. The indictment clearly set forth conduct that could support only a charge of money laundering, or conspiracy to commit money laundering. Thus, the "merger" problem inherent in the charging instruments in *Santos* and *Van Alstyne* does not exist in this case. *See Santos*, 128 S. Ct. at 2032 n.3 (Stevens, J., concurring) ("I cannot agree with the plurality that the rule of lenity must apply to the definition of 'proceeds' for [the sale of contraband]."); *see also Van Alstyne*, 584 F.3d at 814 ("We therefore view the holding that commanded five votes in *Santos* as being that 'proceeds' means

3

'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind that troubled the plurality and concurrence in *Santos*.").

Further, the error in not defining proceeds as profits in the jury instructions, if any, was harmless. At trial, Atiyensalem claimed that he loaned Mizyed $50,000, and that the $215,000 he received a short while later—at the time Mizyed sold pseudoephedrine to a known drug dealer to make methamphetamine in Atiyensalem's presence—was simply a return of the principal and interest on the loan.

The witnesses presented against Atiyensalem, witnesses that the jury obviously believed, consistently characterized Atiyensalem's share as coming from the profits of the illegal operation—not from a salary, or proceeds, or receipts. Rather, the term "profits" was the term consistently and exclusively used by these witnesses. Thus, even though the instruction asked the jury to determine whether Atiyensalem participated in the "proceeds" of the illegal operation—without defining proceeds as profits—we find beyond a reasonable doubt that the jury would have convicted Atiyensalem of money laundering, even if proceeds had been defined as profits.

Atiyensalem also contends there is insufficient evidence in the record to support his conviction for money laundering because there is no evidence he

shared in the "profits" of the operation. Because Atiyensalem moved for acquittal because of insufficient evidence, we review this claim *de novo* to see if, viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As stated above, the term "proceeds" was correctly left undefined here. But again, even if the term "proceeds" should have been defined as "profits," the witnesses who testified for the government clearly stated that Atiyensalem knowingly invested in Mizyed's illegal operation and participated in the profits the operation generated. Thus, the evidence is sufficient to sustain Atiyensalem's conviction.

**AFFIRMED.**