FILED
United States Court of Appeals
Tenth Circuit

February 11, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT W. SEARLES,

Defendant-Appellant.

No. 09-5169
(D.C. No. 4:07-CR-195-CVE-1)
(N. Dist. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **SEYMOUR**, and **HOLMES**, Circuit Judges.

---

Mr. Robert W. Searles pleaded guilty to conspiracy to commit money laundering. He now appeals his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

In April 2009, Mr. Searles pleaded guilty to conspiracy to commit money laundering under 18 U.S.C. §§ 1956(h), 1957(a). In the plea agreement, he waived the right to directly appeal his conviction, but preserved the right to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with the terms and conditions of Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal sentencing issues.  Seven months later, he was sentenced to fifty-seven months imprisonment with three years of supervised release.  He was also ordered to pay $3,634,192.79 in restitution and $260,288.24 in forfeiture.

Prior to Mr. Searles's guilty plea, in 2008, the Supreme Court issued its decision in *United States v. Santos*, 553 U.S. 507 (2008).  *Santos* considered the interaction between an illegal gambling operation and the meaning of the term "proceeds" in the federal money-laundering statute, 18 U.S.C. § 1956.  In a fragmented 4-1-4 decision, the plurality and concurring opinions together held that, at least in the illegal gambling context, the term "proceeds" in 18 U.S.C. § 1956 means "profits" rather than "gross receipts."[1]  *See id.* at 514 (plurality opinion); *id.* at 528 & n.7 (Stevens, J., concurring in judgment).

Although *Santos* was decided a year before Mr. Searles was sentenced, he did not object in district court to the meaning of "proceeds" with respect to his conviction and sentencing for conspiracy to commit money laundering, which was based on the predicate offense of conspiracy to commit mail and wire fraud.  He now appeals the legality of his sentence, by arguing the criminal charges were

---

[1] In response to *Santos*, in May 2009, Congress amended the federal money laundering statute to define "proceeds" to mean "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity."  18 U.S.C.A. § 1956(c)(9) (2011).  This opinion evaluates the legality of Mr. Searles's sentence under the earlier version of the statute, which was in effect at the time he entered into the plea agreement.  As a result, all of our references to the U.S. Code are to the unrevised, 2006 version.

erroneously based on "receipts" instead of "profits."[2]  He maintains *Santos*

requires the term "proceeds" in 18 U.S.C. § 1956 to be interpreted to mean

"profits" when there is no legislative history to the contrary.  As a result, he

contends he was wrongfully "sentenced on a set of facts that did not fall within

conduct criminalized by the federal money laundering statute."  Aplt. Br. at 12.

Because Mr. Searles did not challenge the definition of "proceeds" in the

district court, we review his appeal for plain error.  *See United States v. Vonn*,

535 U.S. 55, 59 (2002); Fed. R. Crim. P. 52(b).  "Plain error occurs when there is

(1) error, (2) that is plain, which (3) affects substantial rights, and which (4)

seriously affects the fairness, integrity, or public reputation of judicial

proceedings."  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir.

2005) (en banc) (internal quotation marks omitted).  An error is plain if it is

"clear or obvious" under "current, well-settled law." *United States v. Whitney*,

229 F.3d 1296, 1308-09 (10th Cir. 2000).  "In general, for an error to be contrary

to well-settled law, either the Supreme Court or this court must have addressed

this issue."  *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003)

---

[2] Because Mr. Searles waived his right to challenge his conviction, this appeal only examines the legality of his sentencing.  The government does not contest Mr. Searles's right to challenge his sentence based on *Santos*.  But to the extent Mr. Searles's briefs imply that the validity of his conviction may also be challenged, *see, e.g.*, Aplt. Br. at 11 ("Searles [sic] guilty plea and sentence for money laundering cannot stand."), such arguments have been waived and we will not examine them.

The only thing that is "clear and obvious" about the 4-1-4 *Santos* decision is that it "raises as many issues as it resolves for the lower courts." *United States v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008). Various circuit courts have struggled to discern the meaning of *Santos*, and have greatly differed in their interpretations of *Santos*'s holding and effect. *See Garland v. Roy*, 615 F.3d 391, 402-03 (5th Cir. 2010) (collecting cases and finding five different views of *Santos*'s holding). Some courts have interpreted *Santos* as only applying in the illegal gambling context. *See, e.g.*, *United States v. Johnson*, No. 09-4417, 2010 WL 5394842, at *4 (4th Cir. Dec. 23, 2010) (unpublished and non-precedential) (defining "proceeds" to mean "gross receipts" in mail and wire fraud case, because "the plurality opinion in *Santos* does not appear to extend beyond illegal gambling operations"); *United States v. Spencer*, 592 F.3d 866, 879 & n.4 (8th Cir. 2010) (holding *Santos* does not apply in the drug context because *Santos*'s holding was limited to illegal gambling cases); *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009) (holding a conviction for money laundering of illegal drug trafficking proceeds is not affected by *Santos*'s narrow holding "that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956").

Other circuits have interpreted the case broadly. *See, e.g.*, *United States v. Yusuf*, 536 F.3d 178, 185-86 (3d Cir. 2008) (applying *Santos* to mail fraud case and explaining "the term 'proceeds,' as that term is used in the federal money

laundering statute, applies to criminal profits, not criminal receipts, derived from a specified unlawful activity"); *United States v. Lee*, 558 F.3d 638, 642-43 (7th Cir. 2009) (applying *Santos* and holding the regular expenses of operating a "massage parlor" that provided prostitution services were not "proceeds" within the meaning of 18 U.S.C. § 1956).  Still other circuits have adopted interpretations of *Santos* that will allow the meaning of "proceeds" to vary among cases.  *See, e.g.*, *Garland*, 615 F.3d at 402-03 (extending *Santos* to mail and securities fraud case after concluding *Santos* held "that the rule of lenity dictates that 'proceeds' must be defined as 'profits' in cases where defining 'proceeds' as 'gross receipts' would result in the perverse result of the merger problem. . . . [But otherwise there should be a] presumption that 'proceeds' should be defined as 'gross receipts'" unless legislative history contradicts this presumption (internal quotation marks omitted)); *United States v. Kratt*, 579 F.3d 558, 562 (6th Cir. 2009) (applying a "gross receipts" definition of proceeds in bank fraud case, after determining *Santos* held "'proceeds' . . . means profits only when the § 1956 predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and only when nothing in the legislative history suggests that Congress intended such an increase"); *United States v. Van Alstyne*, 584 F.3d 803, 814-15 (9th Cir. 2009) (applying *Santos* to mail fraud case after interpreting *Santos* as holding  "that 'proceeds' means 'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind

that troubled the plurality and concurrence in *Santos*," but also explaining that not all mail fraud schemes would implicate this merger problem).

Our circuit has not yet determined the effect of *Santos*. Nor do we decide this issue today. In light of the confusion created by *Santos*, and the lack of guidance from our circuit, the district court did not commit plain error in its disposition of Mr. Searles's case. Any error which the district court may have made is neither "clear" nor "obvious" under well-settled law.

Accordingly, we **AFFIRM** Mr. Searles's sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge