**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6954**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY PAYTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:08-cv-00120-RAJ; 4:93-cr-00065-1)

Submitted:  May 31, 2011                Decided:  July 6, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Anthony Payton, Appellant Pro Se.  Laura Pellatiro Tayman, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Payton seeks to appeal the district court's judgment denying his 28 U.S.C.A. § 2255 (West Supp. 2010) motion to vacate as untimely. For the reasons that follow, we deny a certificate of appealability and dismiss.

Payton pled guilty in 1994 to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (2006), and one count of money laundering in violation of 18 U.S.C. § 1956 (2006). He is currently serving a 240-month sentence. In 2008, Payton moved the district court to vacate pursuant to § 2255 on the basis of the Supreme Court's then-recent decision in United States v. Santos, 553 U.S. 507 (2008). The district court concluded that Santos is not retroactively applicable to cases on collateral review, and thus Payton's motion was time barred by the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This timely appeal followed, and the case was placed in abeyance for United States v. Halstead, 634 F.3d 270 (4th Cir. 2011). The case is now ripe for review.

The order Payton seeks to appeal is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."

2

28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Payton argues both that his § 2255 motion was timely and that he is entitled to relief under Santos. Because we conclude that his claim falls outside the reach of Santos, we do not address whether his § 2255 motion was timely filed under the AEDPA.

Santos was a fractured decision by the Supreme Court. A plurality of the Court found that the term "proceeds" in the money laundering statute was ambiguous, and, applying the rule of lenity, determined that "proceeds" means "profits" and not "receipts." Santos, 553 U.S. at 510-14. Only four justices signed on to this opinion. In his opinion concurring in the judgment, Justice Stevens agreed with the plurality that in the context of an illegal gambling operation, "proceeds" means

3

"profits," but in other cases, including those involving contraband sales, "proceeds" can mean either "profits" or "receipts." Id. at 524-28 (Stevens, J., concurring in the judgment). Both the plurality and Justice Stevens were concerned about a problem identified as the "merger problem" — in which every violation of the underlying statute would also be a violation of money laundering. See id. at 515-16.

Halstead helped to clarify the scope of Santos in light of the Supreme Court's split reasoning. In Halstead, we concluded that

> Santos [holds] that when a merger problem arises in the context of money laundering and illegal gambling, the required solution is to define the proceeds of the illegal gambling business as its net profits. When, however, a merger problem arises in the context of money laundering and an illegal activity other than illegal gambling, . . . that would require addressing that situation on a case-by-case approach, [and] we will leave further development of a solution to a future case that presents the problem[.]

Halstead, 634 F.3d at 278-79.

Applying that analysis to this case, we conclude that Payton's conviction for possession with intent to distribute cocaine base does not present a merger problem with his money laundering conviction. An actual financial transaction is not an element of Payton's drug conviction. Thus, the offenses do not merge, and Santos is inapplicable to Payton's claims. See United States v. Webster, 623 F.3d 901, 906 (9th Cir. 2010).

4

Because Payton has not made a substantial showing of the denial of a constitutional right, we deny a certificate of appealability and dismiss the appeal. We grant Payton's motion to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED