[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2011
JOHN LEY
CLERK

No. 10-12509
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-21160-ASG,
1:06-cr-20081-ASG-1

RICARDO MAURICIO BERNAL PALACIOS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2011)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ricardo Mauricio Bernal Palacios, a federal prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate. Reversible error has been shown; we vacate and remand for additional proceedings.

Palacios and his codefendant brother, Juan Palacios ("Juan"), pleaded guilty to conspiracy to launder money and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(l), (a)(2)(A), (h). Palacios filed a section 2255 motion and raised these claims: (1) he did not knowingly, intelligently, or voluntarily plead guilty; (2) his lawyer failed to file a motion to withdraw the guilty plea and plea agreement; (3) his lawyer failed to file a motion to compel the government to move for a downward departure, pursuant to U.S.S.G. § 5K1.1; (4) his lawyer failed to file a motion for a downward departure based on cooperation, pursuant to U.S.S.G. § 5K2.0; (5) his lawyer failed to file a motion to enforce the plea agreement and to object to the government's breach of the plea agreement; (6) he was actually innocent in the light of the Supreme Court's decision in United States v. Santos, 128 S.Ct. 2020 (2008); and (7) his lawyer was ineffective for failing to file a direct appeal after being requested to do so. After filing a reply brief, Palacios filed a separate pleading in support of his Claim 6, adopting the portion

of Juan's section 2255 reply brief that discussed the <u>Santos</u> decision.<sup>*</sup>

The magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Palacios's motion to vacate. In doing so, the magistrate addressed the merits of Palacios's seven claims and stated that, to the extent Palacios adopted Juan's claims, those claims were denied for the reasons set forth in the R&R issued in Juan's case. Palacios filed timely objections to the R&R, asserting that he was entitled to relief on each of his seven claims.

The district court adopted the magistrate's R&R and denied Palacios's motion to vacate, stating that the court had reviewed the objections and had conducted "an independent and <u>de novo</u> review of the record." In its order, however, the court stated that Palacios and Juan had "filed similar motions to vacate . . . raising the same claims." The court then identified both "movants'" claims as follows: "(1) they are actually innocent of all the charges; (2) their sentences should be vacated based on [<u>Santos</u>]; (3) they were denied effective aid

---

*Juan filed a section 2255 motion to vacate raising these five claims: (1) he was actually innocent based on <u>Santos</u>; (2) his sentence was erroneously enhanced in the light of <u>Santos</u>; (3) his lawyer was ineffective for failing to raise Claims 1 and 2; (4) his guilty plea was not entered knowingly, intelligently, or voluntarily; and (5) his lawyer was ineffective for failing to file an appeal and for failing to inform him that the Supreme Court's grant of <u>certiorari</u> in <u>Santos</u> presented a potential ground for appeal.

with respect t[o] the first two claims; (4) their guilty pleas were not knowingly and voluntarily entered; and (5) they were denied effective aid of counsel because their attorney failed to file appeals to their sentences despite . . . their wishes to do so." The court discussed each of these five claims and denied Palacios's motion to vacate.

We granted a certificate of appealability on the following issue: "Whether the district court erred by failing to conduct a de novo review of Palacios's objections to the magistrate's report and recommendation, as required by Fed.R.Civ.P. 72(b)?"

Pursuant to Rule 72(b), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) (providing that "[a] judge of the court shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made."). We review de novo the legal issue of whether the district court conducted a proper review of the record before adopting a magistrate's report and recommendation. Cf. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (providing that we review legal issues in section 2255 proceedings de novo).

Based on this record, we cannot conclude that the district court conducted the required <u>de novo</u> review of Palacios's objections to the R&R. The court incorrectly characterized Palacios's claims as being "the same" as Juan's and, in enumerating the claims, listed only the claims raised in Juan's section 2255 motion to vacate. Likewise, the court's analysis was limited to those claims raised in Juan's motion. Some of Palacios's claims overlapped with Juan's. But Palacios's motion to vacate included claims that were unique to Palacios's case, including -- at the very least -- those contentions set forth in Claims 2, 3, 4, and 5. Because the district court failed to address these arguments, we vacate and remand to the district court to conduct a <u>de novo</u> review of all of Palacios's objections.

VACATED AND REMANDED.