HELENE N. WHITE, Circuit Judge,
concurring.
Although I concur in the result, I write separately because I am not convinced under the facts of this case that the lack of congruity in the elements of the money-laundering and transportation-of-stolen-goods offenses eliminates the merger problem where the proceeds underlying the money-laundering count were used to buy the stolen goods transported in interstate commerce. See, e.g., United States v. Santos, 553 U.S. 507, 516, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008) (noting that merger problem exists for multiple predi *312 cate offenses because “[generally speaking, any specified unlawful activity, an episode of which includes transactions which are not elements of the offense and in which a participant passes receipts on to someone else, would merge with money laundering.”); United States v. Halstead, 634 F.3d 270, 279 (4th Cir.2011) (merger problem exists “when the illegal activity includes money transactions to pay for the costs of the illegal activity ... [and] the government uses those transactions also to prosecute the defendant for money laundering.”); United States v. Moreland, 622 F.3d 1147, 1166 (9th Cir.2010) (merger problem exists where money laundering charge based on commission payments to Ponzi scheme operators because such commissions were “central to carrying out the scheme’s objective of encouraging further investment”); United States v. Lee, 558 F.3d 638, 642 (7th Cir.2009) (using rule that “when the crime entails voluntary, business-like operations, ‘proceeds’ must be net income; otherwise the predicate crime merges into money laundering (for no business can be carried on without expenses)” to find that rent and utility payments for illegal brothel were not “proceeds” within meaning of 18 U.S.C. § 1956(a)).
Nonetheless, I concur because Petitioner has not demonstrated the actual innocence required to prevail on his § 2241 petition. The proofs at trial showed that Beck’s Wheels sold stolen airbags to buyers in California and Alabama at a profit, that the sale proceeds were deposited into a business account, and that those proceeds were subsequently withdrawn by Petitioner and his employees to pay for more stolen airbags. Accordingly, I agree that the district court’s denial of Petitioner’s § 2241 petition should be AFFIRMED.