**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4757**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

RONNIE L. ROBBINS,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:10-cr-00006-JPJ-PMS-1)

───────────

Submitted:  September 11, 2012      Decided:  September 13, 2012

───────────

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

Robert W. Austin, Johnny L. Rosenbaum, SCYPHERS & AUSTIN, P.C., Abingdon, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie L. Robbins appeals his convictions following a jury trial on two counts of possession of a falsely altered military discharge certificate (Counts 1s and 2s), in violation of 18 U.S.C. § 498 (2006); one count of falsely claiming receipt of a military decoration or medal (Count 3s), in violation of 18 U.S.C.A. § 704(b) (West Supp. 2012); one count of making false statements to the Department of Veterans Affairs in his application for disability benefits (Count 5s), in violation of 18 U.S.C. § 1001(a)(2), (3) (2006); and one count of mail fraud in conjunction with his application for disability benefits (Count 6s), in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2012). We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

Robbins first challenges the district court's denial of his Federal Rule of Criminal Procedure 29 motion for judgment of acquittal on Counts 1s, 2s, 5s, and 6s for insufficient evidence. We review de novo the district court's denial of a Rule 29 motion. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). A jury verdict must be upheld "if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's

2

guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "We consider both circumstantial and direct evidence," drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). However, "[w]e may not weigh the evidence or review the credibility of the witnesses [because] [t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

Section 498, under which Counts 1s and 2s arose, criminalizes the use, possession, or exhibition of a military discharge certificate "knowing the same to be forged, counterfeited, or falsely altered." 18 U.S.C. § 498. Viewing the evidence in the light most favorable to the Government, we conclude that the evidence was sufficient for the jury to find that Robbins knowingly used a forged or falsely altered military discharge certificate as charged in Counts 1s and 2s.[*] Thus, the district court did not err in denying Robbins' Rule 29 motion on those counts.

---

[*] We decline Robbins' invitation to apply the rule of lenity to his case, as § 498 is not ambiguous. See United States v. Santos, 553 U.S. 507, 514 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.").

3

Section 1001(a), under which Count 5s arose, criminalizes the making of "any materially false, fictitious, or fraudulent statement or representation" and the use of "any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." 18 U.S.C. § 1001(a)(2), (3). "The test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action." United States v. Garcia-Ochoa, 607 F.3d 371, 375 (4th Cir. 2010) (internal quotation marks omitted). Viewed in the light most favorable to the Government, we conclude that the evidence was sufficient for the jury to find that Robbins made a materially false statement to the Department of Veterans Affairs in order to obtain disability benefits for post-traumatic stress disorder. See id. at 376 ("Materiality, as an element of a criminal offense, is a question of fact (or at the very least, a mixed question of law and fact) to be resolved by the fact finder . . . ."). Likewise, viewed in the light most favorable to the Government, we conclude that the Government presented sufficient evidence from which the jury could find that Robbins committed mail fraud in conjunction with his attempt to obtain disability benefits. See 18 U.S.C.A. § 1341; United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001) (providing elements of mail fraud); see also Neder v. United States, 527 U.S. 1, 25

4

(1999) (stating that scheme to defraud must involve material misrepresentation).

Finally, Robbins contends that Count 3s should be dismissed because the Stolen Valor Act, 18 U.S.C.A. § 704(b), is unconstitutional. In light of the Supreme Court's recent decision in United States v. Alvarez, 132 S. Ct. 2537, 2543-51 (2012), in which the Court concluded that the Stolen Valor Act violates the First Amendment, Robbins' point is well-taken. We therefore vacate Robbins' conviction on Count 3s.

Accordingly, we affirm the district court's judgment on Counts 1s, 2s, 5s, and 6s, vacate the court's judgment on Count 3s, and remand for entry of a corrected judgment consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED