11-2240 (L)
United States v. Colon

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                    Chief Judge,
                    CHRISTOPHER F. DRONEY,
                                    Circuit Judge,
                    JOHN F. KEENAN,*
                                    District Judge.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                    11-2240 (Lead)
                                                  11-4591 (Con)

ANGEL COLON, AKA A, GABRIEL BORIA, AKA
INDIO, BENNY ROSARIO, AKA BENNY
BLANCO, EDUARDO SILVA, AKA LONG HAIR,
MAUDO FRANCISCO GUITI-LOPEZ, AGENT OF
MODESTO ANDRES MORRELL PEREZ, AKA

---

*Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

**MYSTERIO, JONATHAN ASCA-TORRES, HERMAN BURTON, DONALD CANNON, JORGE CENTENO, AKA GEE KEE, AKA G, JOSE DE LA CRUZ, AKA NENE, GUALBERTO FINES, AKA CHUCKY, ANGEL GONZALEZ, OTIS JONES, AKA O, DAMIAN LEWIS, THELONIOUS MONK, AKA SHAKA, LIONEL VEGA, AKA PIPO, PURYEAR VENABLE, AKA PRIMO, CHARLES WARNER, AKA C.J., KEVIN WASHINGTON, JAMES WILLIAMS, AKA C.O. VAUGHN, THOMAS CARTER LOVE, DAAMU DIGGS, AKA SMOKE, AKA MOOK, CARLOS RIVERA, AKA C.O. MOCO, AKA MOC,**

      <ins>**Defendants**</ins>**,**

**MARK COLON, AKA MARCOS, AKA MONO, AKA FATHER, AKA WOODY, SANTOS CRESPO-AYUSO, AKA SANTI,**

      <ins>**Defendant-Appellants**</ins>**.**

- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT COLON:** | RICHARD M. LANGONE, Langone & Associates, PLLC, Levittown, New York. |
| **FOR APPELLANT CRESPO-AYUSO:** | MICHAEL K. BURKE, Burke, Miele & Golden, LLP, Goshen, New York. |
| **FOR APPELLEES:** | BENJAMIN ALLEE, Assistant United States Attorney for the Southern District of New York, New York, New York (Iris Lan, Assistant United States Attorney for the Southern District of New York, New York, New York, <ins>on the brief</ins>) <ins>for</ins> Preet Bhahara, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from judgments of United States District Court for the Southern District of New York (McMahon, <ins>J.</ins>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Mark Colon and Santos Crespo-Ayuso appeal their sentences, entered in the United States District Court for the Southern District of New York (McMahon, <u>J.</u>), following pleas of guilty to conspiracy to distribute cocaine and crack cocaine, and (for Colon) distribution of cocaine. On May 24, 2011, the district court sentenced Colon to 210 months' imprisonment (at the low end of the Guidelines range) and imposed an order of forfeiture totaling $1,750,000. On October 21, 2011, the district court sentenced Crespo-Ayuso to 135 months' imprisonment--also a low-end Guidelines sentence--and likewise imposed an order of forfeiture totaling $1,750,000. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellate review of a district court's sentence "encompasses two components: procedural review and substantive review." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (<u>in banc</u>). An appellate court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the Section 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). If the Court determines that there was no procedural error, it "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." <u>Id.</u> at 51. "In general, we review a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 <u>de novo</u>, but we review the court's findings of fact supporting its conclusion only for clear error." <u>United States v. Hertular</u>, 562 F.3d 433, 449 (2d Cir. 2009).

Colon argues, first, that the district court erred in determining that he conspired to sell more than fifty kilograms of cocaine. In particular, he attacks the credibility of Maudo Francisco Guiti-Lopez, a co-defendant who testified against him at a <u>Fatico</u> hearing. <u>See</u> <u>United States v. Fatico</u>, 458 F. Supp. 388 (E.D.N.Y. 1978), <u>aff'd</u>

3

603 F.2d 1053 (2d Cir. 1979). Colon identifies several alleged inaccuracies in Guiti-Lopez's testimony, but none suggests that Guiti-Lopez perjured himself. Moreover, such credibility determinations are best left to the sound discretion of the district courts. See United States v. Jones, 531 F.3d 163, 171 (2d Cir. 2008) ("[D]istrict courts hear all the evidence relevant to sentencing, make credibility determinations, and interact directly with the defendant. In the process, they 'gain[] insights not conveyed by the record' that are often critical to identifying a just sentence.") (quoting Gall, 552 U.S. at 51) (internal citations omitted). Colon also offers these examples to argue that the district court improperly relied on Guiti-Lopez's testimony to impose a leadership enhancement under the Sentencing Guidelines, see U.S.S.G. § 3B1.1(a), but this argument fails for the same reasons. Additionally, there was sufficient corroborative evidence, e.g., wiretap recordings and testimony from other cooperating witnesses, upon which the district court could base this determination.

Both Colon and Crespo-Ayuso assert that the district court failed to consider the § 3553 factors in arriving at their respective sentences, see 18 U.S.C. § 3553(a), but the record is plainly to the contrary.

Both Appellants also contend that the forfeiture orders imposed by Judge McMahon were excessive because they included gross proceeds of the offense rather than gross profits. They argue that their expenses (approximately $29,000 per kilogram of cocaine) should be subtracted from the sale price (approximately $35,000 per kilogram), thereby reducing the forfeiture order from $1.75 million to $300,000. Under 21 U.S.C. § 853(a), courts "shall order, in addition to any other sentence imposed . . . that the person forfeit to the United States all property described in this subsection" including "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." We previously calculated forfeiture amounts based on gross sales in the context of food stamp fraud. See United States v. Uddin, 551 F.3d 176, 181 (2d Cir. 2009). We also upheld the use of this method of calculation in other drug trafficking cases, see, e.g., United States v. Roberts, 660 F.3d 149, 165-66

4

(2d Cir. 2011), as have our sister Circuits.[1]  Colon and Crespo-Ayuso offer no compelling reason to abandon this approach here.

     For the foregoing reasons, and finding no merit in Appellants' other arguments, we hereby **AFFIRM** the judgments of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

---

[1] See, e.g., United States v. Bucci, 582 F.3d 108, 123-24 (1st Cir. 2009) (distinguishing United States v. Santos, 553 U.S. 507 (2008), a case relied on heavily by Appellants here, because the money-laundering statute at issue in Santos, unlike 21 U.S.C. § 853, sets forth a substantive criminal offense and also refers only to "proceeds" rather than "profits or other proceeds"); see also United States v. Bader, 678 F.3d 858, 892-94 (10th Cir. 2012).