HOWARD, Circuit Judge,
concurring in part and concurring in the judgment.
I join the court’s judgment, although on one issue I would reach the same result by a different route. The majority concludes, as a matter of law, that Section 666 does not criminalize gratuities. I believe that the statute is unclear enough that the rule of lenity precludes the defendants’ convictions to the extent that they could have rested on a gratuity. While the majority does an admirable job of explaining its reasoning, other considerations give me pause.
First, the Supreme Court has stated that “[a]n illegal gratuity ... may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken.” United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 405, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999) (emphasis added). Thus, a “reward” can be a payment that does not influence an official’s actions, a reading that the majority rejects when interpreting Section 666. Although the Court was not interpreting Section 666 or defining the word “reward,” it was interpreting Section 201, a closely related statute. Thus, I hesitate to conclude that the meaning of “reward” as used in Section 666 is at odds with the Court’s use of that word.
*40 Second, a problem arises if we read the bribery provision of Section 201(b) to prohibit the same conduct as Section 666. Section 201(b) prohibits giving or receiving anything of value with the intent to “influence” or of “being influenced.” 18 U.S.C. § 201(b)(1)(A), (b)(2)(A). Section 666, by contrast, prohibits giving or receiving anything of value with the intent to “influence or reward” or “to be influenced or rewarded.” Id. § 666(a)(2), (a)(1)(B). If the scope of these prohibitions is the same, then the word “reward” has no independent meaning in Section 666, which would seem to violate the requirement that we are to give effect to every word of a statute. See Ransom v. FIA Card Servs., N.A., — U.S. —, 131 S.Ct. 716, 724, 178 L.Ed.2d 603 (2011). I am not sure that this problem can be resolved by reading “reward” as clarifying how a bribe can be timed, as the majority does.
Third, Appendix A to the United States Sentencing Guidelines Manual provides that Section 2C1.2, the guideline covering gratuities, applies to both Section 666(a)(1)(B) and Section 666(a)(2). Although the Sentencing Commission cannot change the meaning of a statute, Congress does have the opportunity to review proposed guidelines before they become effective. 28 U.S.C. § 994(p).[28] Moreover, we have held that “Chevron deference is the proper criterion for determining whether a guideline (or, for that matter, commentary that suggests how a guideline should be read) contravenes a statute.” United States v. LaBonte, 70 F.3d 1396, 1404 (1st Cir.1995), rev’d on other grounds, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).[29] While I do not suggest that LaBonte ’s rule applies here, the Sentencing Commission’s determination that the gratuity guideline applies to Section 666 does at least give me pause as to Congress’s meaning.
In the end, I would apply the rule of lenity because it is ambiguous whether Section 666 criminalizes gratuities. “The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.” United States v. Santos, 553 U.S. 507, 514, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008) (plurality opinion). We apply the rule of lenity “only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended.” Reno v. Koray, 515 U.S. 50, 65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (citations omitted) (internal quotation marks omitted). Here, I can make no more than a guess as to what Congress intended Section 666 to mean. Therefore, I would hold that the defendants cannot be convicted for giving or receiving a gratuity.

. Like the majority, I am concerned with the disparity between the statutory maximum sentences for an illegal gratuity under Section 201 and for a violation of Section 666. But I would point out that an illegal gratuity carries a base offense level three levels lower than bribery does, U.S. Sentencing Guidelines Manual §§ 2Cl.l(a), 2C1.2(a) (2012).

. When the Supreme Court decided United States v. LaBonte, the three dissenting justices stated that Chevron deference was appropriate, 520 U.S. at 777, 117 S.Ct. 1673 (Breyer, J., dissenting), while the remaining justices chose not to decide the issue, id. at 762 n. 6, 117 S.Ct. 1673.