CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent. In contrast to the payments to winners and employees of the illegal gambling scheme in United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), the 1999 wire transfers were not critical to McCray’s foreign currency currency trading scheme. Although more than half of the commissions generated by the scheme in 1999 were due to trading from McCray’s Bank of Bermuda account, the amount of commissions from that account, about $641,000, is less than 10% of the overall total of $6.7 million in commissions generated by the scheme over four years. Furthermore, in 1998, the scheme generated $3.9 million in commissions without any trading from the Bank of Bermuda account. Thus, while McCray’s scheme required that he transfer money to trading desks, he did not have to engage in wire transfers to the Bank of Bermuda. Contrary to the majority’s determination, the transfers were not necessary to “perpetuate the scheme’s continued viability.” See Majority at 687.[1]
Since the transfers were not central to the scheme, “proceeds” is defined as gross receipts. See United States v. Grasso, 724 F.3d 1077, 1095 (9th Cir.2013). There is clearly sufficient evidence for a jury to find that the transfers involved gross receipts of McCray’s scheme because the transfers were made using fraudulently-obtained client funds. Accordingly, McCray’s Santos claim fails on its merits.
Finally, I would also hold that McCray is barred from raising his Santos merger argument on habeas review. McCray did not raise a merger argument on direct appeal even though such an argument had already been approved in United States v. Scialabba, 282 F.3d 475 (7th Cir.2002). Also, because the 1999 wire transfers were not central to McCray’s scheme and clearly involved proceeds of the fraudulent scheme, McCray cannot show actual inno *689 cence under Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).[2] Accordingly, McCray has not shown cause and prejudice or actual innocence excusing his failure to raise his Santos argument in his direct appeal, and his claim is procedurally defaulted under Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).
Because McCray’s Santos claim both fails on the merits and is procedurally defaulted, I would affirm the district court’s denial of McCray’s motion to vacate.

. Further, although McCray made the transfers in an effort to promote his scheme, the evidence in the record tends to show that investors were not interested in investing offshore.

. Notably, McCray does not challenge his other convictions and does not claim he was actually innocent of operating a fraudulent currency scheme.