FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30330 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00108-RSM-5 |
| v. | |
| STEVEN CRAIG MORELAND, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted July 11, 2012[**]
San Francisco, California

Before:    HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Steven Craig Moreland appeals from the 216-month sentence imposed for various offenses associated with his role in a Ponzi scheme. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Relying on a merger theory and *United States v. Santos*, 553 U.S. 507 (2008), Moreland contends that, notwithstanding the fact that we previously upheld four of his convictions for money laundering, the district court was not permitted to consider those convictions when calculating the applicable Sentencing Guidelines range. He is incorrect. The Sentencing Guidelines required the district court to consider Moreland's money laundering convictions when calculating the Guidelines range. *See* U.S.S.G. § 2S1.1 (1998). Moreover, *Santos* did not change the Sentencing Guidelines. *See Santos*, 553 U.S. 507.

Moreland argues that the district court erred by failing to group his fraud and money laundering counts together under U.S.S.G. § 3D1.2(b) and (d) (1998). This argument is foreclosed by *United States v. Syrax*, 235 F.3d 422, 424-26 (9th Cir. 2000).

Moreland also argues that the district court erred when it included a ten-level enhancement under U.S.S.G. § 2S1.1(b)(2)(K) (1998) based on the value of the

---

[1]Because the parties are familiar with the facts and the procedural history, we do not recount them here.

funds involved in the foreign promotional money laundering. Relying on *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009), Moreland contends that the funds involved in these money laundering transactions may not be used to enhance his sentence because these transactions were integral to the underlying fraud. Contrary to Moreland's contentions, *Van Alstyne* does not stand for the proposition that courts never may base money laundering enhancements on funds associated with payments integral to an underlying fraud scheme. Rather, *Van Alstyne* holds that "the Guidelines do not contemplate a base level enhancement on account of transactions that do *not* constitute money laundering within the meaning of the statute." *Id.* at 816. Because the district court based the enhancement on transactions that constituted foreign promotional money laundering under 18 U.S.C. § 1956(a)(2)(A), the district court did not err when it included the enhancement.

Next, Moreland contends that the district court erroneously determined the amount of the money laundering enhancement because the court included in its calculations a $10 million dollar transfer from a place outside of the United States to a place inside the United States. According to Moreland, it was impermissible to include this transaction in the calculations because he was charged and convicted only of transferring funds from a place inside the United States to a place outside of the United States; he was not charged with transferring funds from a place outside

11-30330

the United States to a place inside the United States. *Van Alstyne* forecloses this argument. *See Van Alstyne*, 584 F.3d at 816 (explaining that a district court may rely on uncharged conduct when calculating the enhancement for a money laundering conviction).

The district court included adjustments for Moreland's leadership role in the offense under U.S.S.G. § 3B1.1(a) (1998) and his abuse of a position of trust under U.S.S.G. § 3B1.3 (1998) when calculating the adjusted offense level for the fraud group. The court then also included adjustments for role in the offense and abuse of trust when calculating the adjusted offense level for the money laundering group. Moreland contends that it was impermissible double counting for the court to rely on all of these adjustments when determining the total offense level. However, because the two adjustments for leadership roles were based on different conduct, wrongs, and victims, it was permissible to impose both leadership adjustments. *See Syrax*, 235 F.3d at 428-29. Similarly, the court did not err by imposing the two adjustments for abuse of a position of trust because the two adjustments result from different conduct, wrongs, and victims. *See id.*

Moreland next argues that the district court erroneously decided that the law of the case doctrine and the rule of mandate precluded the court from considering his merger arguments during resentencing. However, the record shows that the

court rejected Moreland's merger argument rather than prohibiting him from raising it.

Finally, Moreland contends that the district court erred by failing to grant his motion to dismiss Counts 33-36 to the extent they were based on 18 U.S.C. § 1956(a)(2)(B). However, the amended judgment accurately states that Moreland was convicted of violating 18 U.S.C. § 1956(a)(2), and the district court properly based the sentence on foreign promotional money laundering, not foreign concealment money laundering.

**AFFIRMED**.