12-416-cr
United States v. Apazidis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 21st day of June, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          -v-                                          12-416-cr

HARILAOS APAZIDIS,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Paula Schwartz Frome, Garden City, NY (Steven Y. Yurowitz, Newman & Greenberg, New York, NY, *on the brief*).

Appearing for Appellee:     Martin E. Coffey, Assistant United States Attorney (Peter A. Norling, Carolyn Pokorny, Brian D. Morris, Assistant United States Attorneys, Loretta E. Lynch, United States Attorney, *on the brief*), Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Harilaos Apazidis ("Apazidis") appeals from the district court's (Gershon, *J.*) December 23, 2011 judgment entered after a jury trial. Apazidis was convicted, from a twenty-five count indictment, of Counts 2-4, making false statements for purposes of influencing a federally-insured financial institution, in violation of 18 U.S.C. § 1014 ("Section 1014"), and Counts 6-25, engaging in monetary transactions with criminally-derived proceeds, in violation of 18 U.S.C. § 1957(a) ("Section 1957(a)"). The district court sentenced him to, *inter alia*, six months' imprisonment and forfeiture of $800,000 pursuant to 18 U.S.C. §§ 982(a)(1), (a)(2)(A). During the trial, at the close of the Government's case, Apazidis moved for a judgment of acquittal under Rule 29, Fed. R. Crim. P. 29. The district court reserved decision on the motion until the end of the jury trial, after which, in a May 17, 2011 Opinion and Order, the court denied the motion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Apazidis makes a number of arguments on appeal. First, he challenges the district court's jury instructions. "When a party challenges a court's jury charge, this Court reviews the jury instructions *de novo* and as a whole." *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 390 (2d Cir. 2006). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Id.* (internal quotation marks omitted). However, if the defendant does not object to the charges during trial, we review for plain error, *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000), which looks to whether there was "(1) error, (2) that is plain, and (3) that affects substantial rights" and "(4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (internal quotation marks and alterations omitted).

Apazidis's challenge is without merit. With respect to his convictions under Section 1014, we find that the district court properly instructed the jury that negligence on the part of the federally-insured financial institution in question, Central Credit Union, did not constitute a defense, *see United States v. Thomas*, 377 F.3d 232, 242-43 (2d Cir. 2004), and that Apazidis could still be found guilty even if some of the institution's officers were aware of the false statements, *see United States v. Niro*, 338 F.2d 439 (2d Cir. 1964). With respect to Apazidis's Section 1957(a) convictions, because Apazidis did not object to the jury charge below, we review for plain error. Apazidis correctly notes that the district court improperly gave the jury a definition of "proceeds" that was not added to the statute until 2009, *see* Pub. L. No. 111-21 § 2(f), 123 Stat. 1617, 1618 (May 20, 2009), *after* the conduct for which Apazidis was convicted. Before the statutory amendments, "proceeds," as a term not defined by statute, was given its ordinary meaning. *United States v. Santos,* 553 U.S. 507, 511 (2008). We acknowledge, as the Government concedes, that this error meets the first two components of plain-error review. However, we find that the failure to instruct the jury to give "proceeds" its ordinary meaning did not affect substantial rights, because there was not "a reasonable probability that the error affected the outcome of the trial." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

Next, Apazidis renews his argument in his Rule 29 motion that there was insufficient evidence for his convictions. "[W]e review the grant or denial of a judgment of acquittal under Rule 29 *de novo*, considering the evidence as a whole rather than piecemeal and viewing the evidence in the light most favorable to the government." *United States v. Persico,* 645 F.3d 85, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). "Viewing the evidence in

2

the light most favorable to the government means crediting every inference that the jury might have drawn in favor of the government, and recognizing that the government's evidence need not exclude every other possible hypothesis." *Id.* (internal quotation marks and citations omitted).

Apazidis's sufficiency claims are also without merit. He argues that the Government failed to introduce evidence showing that he knowingly and intentionally made false statements on the loan documents he submitted, as required by Section 1014. However, the Government showed that Apazidis signed the documents in question, that the one signature alleged to be forged was similar to other uncontested signatures, and that, with respect to certain items offered as collateral, Apazidis did not own most of the items in question. Accordingly, we find that there was sufficient evidence for conviction. With respect to his Section 1957(a) convictions, we reject Apazidis's argument that, because the money used in the transactions for which he was convicted came from repayment of a loan of the unlawful proceeds, and not the original proceeds themselves, the jury could not convict.

Next, Apazidis makes several evidentiary arguments, which we review for abuse of discretion. *Provost v. City of Newburgh*, 262 F.3d 146, 163 (2d Cir. 2001). We find that the district court properly excluded evidence of Central Credit Union's negligence, which Apazidis wished to introduce on cross-examination, as irrelevant to the trial. "Trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003) (internal quotation marks and alterations omitted). Furthermore, it properly allowed the Government to introduce evidence of Apazidis's transactions with the loan proceeds, necessary to make out the elements for a Section 1957(a) conviction.

Finally, Apazidis argues that the district court's $800,000 forfeiture verdict should be reduced by the approximately $133,000 that he made to the bank in repayment of his loan. As a mixed question of law and fact, we review *de novo*. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008). However, the United States' right to the proceeds of the fraudulent loan vested when the crime was committed, *see* 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(c), and thus the manner in which Apazidis spent these illegal proceeds—even partially repaying the loan before he was indicted—is irrelevant to the amount due to the United States as forfeiture.

We have considered all of Apazidis's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3