**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10271 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00113-RS-1 |
| v. | |
| SHAREE MARTELL HALL, AKA Sharee Martel Hall, AKA Sharee Martels Hall, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 9, 2013
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Sharee Hall (Hall) appeals her conviction on one count of wire fraud, 18

U.S.C. § 1343, and one count of money laundering, 18 U.S.C. § 1957. We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hall advances four challenges to her convictions: (1) that there was insufficient evidence that the funds involved in her money laundering conviction were the "proceeds" of specified criminal activity; (2) that there was insufficient evidence to convict her of wire fraud because the government only presented circumstantial evidence that she was directing the transfers; (3) that the district court constructively amended the Indictment by instructing the jury on vicarious liability; and finally (4) that the district court erred in its response to the jury's question regarding the scope of vicarious liability. We deal with each challenge in turn.

## I. The Money Laundering Conviction

Hall argues that she could not have laundered the "proceeds" of the wire fraud because she was acquitted of the two charged wire fraud counts that would have made funds available at the time she purchased the $102,500 cashier's check that underlies the money laundering count. In order to obtain a conviction under § 1957, however, the government need only establish that: (1) the defendant knowingly engaged in a monetary transaction; (2) she knew the transaction involved criminal property; (3) the property's value exceeded $10,000; and (4) the property was derived from a specified unlawful activity. *See United States v. Messer*, 197 F.3d 330, 341 (9th Cir. 1999). There was ample evidence that Hall

knew that the funds involved in her purchase of the $102,500 cashier's check were the proceeds of illegal activity. In fact, the jury concluded that Hall had sufficient knowledge of the wire fraud scheme to convict her of wire fraud based on transactions that occurred on January 20, 2009, the day before Hall purchased the cashier's check. There is also ample evidence to show that the funds Hall used to purchase the $102,500 cashier's check were in fact the result of wire fraud. On these facts and others, a rational trier of fact could find that Hall knowingly engaged in a monetary transaction involving the proceeds of illegal activity.

Hall also argues that she cannot be convicted of money laundering because the government charged that "[i]t was further a part of the scheme to defraud that HALL used the money fraudulently transferred from [ONE Foundation's account] for her own purposes, including purchasing more than $100,000 worth of cashiers checks" as an element of the indicted wire fraud counts. She contends that her withdrawal of funds is thus an essential element of the wire fraud scheme and consequently cannot constitute a financial transaction involving the proceeds of independent illegal activity.

Where a scheme is ongoing, funds constitute "proceeds" of prior separate activity where they are used outside of the scheme that generated the funds or are not essential to carrying out the scheme's objectives. *Compare United States v. Santos*, 553 U.S. 507, 516-517 (2008) (holding that payouts to lottery winners

were not proceeds because they were essential to continuing the scheme), *with United States v. Bush*, 626 F.3d 527, 538 (9th Cir. 2010) (upholding money laundering convictions because they were part of a Ponzi scheme but were not "central to carrying out the scheme's objectives"). In this case Hall's purchase of cashier's checks was not a central component of the wire fraud scheme. The fact that the Indictment charged Hall with "us[ing] the money for her own purposes, including purchasing more than $100,000 worth of cashiers checks," does not transform that act into an essential part of the scheme.

## II. The Wire Fraud Conviction

Hall claims that the jury lacked sufficient evidence to convict her of wire fraud. She argues that "there was no evidence adduced at trial that HALL herself transmitted or caused to be transmitted the [transactions]" because Hall gave her account information to Candice Ward.

Circumstantial evidence that a defendant participated in a fraudulent scheme can support a conviction for wire fraud. *See United States v. Mullins*, 992 F.2d 1472, 1475-1477 (9th Cir. 1993) (affirming a wire fraud conviction where a trio of travel agents had manipulated an airline reservation system despite the fact that other employees could have accessed the accounts because of the circumstantial evidence to supporting conviction). Here, the government introduced significant circumstantial evidence that suggested that Hall was either directing or aware of

the fraudulent transactions.  For example, Paypal sent an email to Hall's personal email address reflecting each of the transfers.  On these facts and others, a rational trier of fact could find that Hall committed wire fraud.

### III.  Constructive Amendment of the Indictment

Hall alleges that the vicarious liability instruction given to the jury amounts to a constructive amendment of the Indictment because the Indictment does not mention co-conspirators.

The plain language of the Indictment does not limit the "scheme to defraud" to a single defendant.[1]  Further, "*Lothian* and its progeny establish the principle . . . that vicarious liability for substantive counts of mail or wire fraud does not require that the indictment charge conspiracy."  *United States v. Stapleton*, 293 F.3d 1111, 1119 (9th Cir. 2002) (alterations omitted).  Accordingly, the vicarious liability instruction did not present "a complex of facts [at trial] distinctly different from those set forth in the charging instrument," or a situation in which "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved."  *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984).

### IV.  Response to Jury Question Two

---

[1] The Indictment charges Hall with "engag[ing] in a scheme to defraud ONE Foundation and HSBC Bank USA by misappropriating money that belonged to ONE Foundation for her own benefit."

The District Court did not commit plain error by responding to Jury Question Two by referring the Jury to the previously issued Jury Instructions. *United States v. Preston,* 706 F.3d 1106, 1122 (9th Cir. 2013). The Jury Question was unclear. Accordingly, either a "yes" or a "no" response would have presented an equal if not greater chance of being "misleading, unresponsive, or legally incorrect." *United States v. Anekwu*, 695 F.3d 986, 986 (9th Cir. 2012).

**AFFIRMED**.