**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3664
_____

CHARLES D. CONWAY,
                                    Appellant
v.

UNITED STATES OF AMERICA;
WILFREDO TORRES, CHIEF PROBATION OFFICER
_____

No. 13-2155
_____

CHARLES D. CONWAY,
                                    Appellant
v.

UNITED STATES OF AMERICA


On Appeal from the United States District Court
for the District of New Jersey
(Nos. 2-12-cv-01412 and 2-12-cv-05700)
District Judge:  Hon. Stanley R. Chesler


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2014

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, <u>Circuit Judges</u>.

(Filed: April 9, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

In this consolidated appeal, Charles D. Conway challenges the District Court's orders dismissing his motions for relief under 28 U.S.C. § 2241. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On February 5, 2004, a grand jury returned a 33-count indictment against Conway, a New Jersey-based lawyer who specialized in tax and estate planning. The indictment alleged that Conway engaged in a scheme to defraud and misappropriate funds from the estate of his client. On March 31, 2004, Conway pleaded guilty to ten counts of the indictment, including, inter alia, money laundering, in violation of 18 U.S.C. § 1957(a).[1] Pursuant to the plea agreement, the Government dropped the remaining charges. The District Court accepted Conway's guilty plea, and imposed upon him a sentence of 78 months of imprisonment and three years of supervised release.

On June 2, 2008, the United States Supreme Court issued its decision in United States v. Santos, 553 U.S. 507 (2008). The Court held that the term "proceeds" in 18 U.S.C. § 1956(a)(1)[2] refers to "profits" and not to "receipts" from specified unlawful

_____

[1] Section 1957 provides that "[w]hoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall" face "[a fine] or imprisonment for not more than ten years or both." 18 U.S.C. § 1957(a)-(b). "[C]riminally derived property" is defined as "any property constituting, or derived from, proceeds obtained from a criminal offense." Id. § 1957(f)(2).
[2] This section provides that "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or

2

activity. Six weeks later, on July 14, 2008, Conway filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the money laundering activity to which he pleaded was no longer criminal in light of Santos. Conway asserted that he would not have pled guilty to money laundering or any of the other charges if he had understood "proceeds" in 18 U.S.C. § 1957 to mean "profits." The District Court issued an order advising Conway of his rights under United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) (requiring district courts to issue a notice in response to a pro se petitioner's post-conviction motion regarding the effect of such a pleading). Citing the Miller notice, Conway moved to withdraw his motion, and the District Court terminated his case.

Conway submitted another § 2255 motion under a cover letter dated August 3, 2009, which the Court docketed on September 4, 2009. The motion identified ten claims of error, including the Santos claim that Conway raised in the previous § 2255 petition. In an opinion and order dated July 8, 2010, the District Court dismissed Conway's motion as untimely. With respect to the Santos claim in particular, the District Court assumed that the Supreme Court's decision triggered a new one-year limitations period, but held that Conway's claim was nonetheless untimely because it was filed more than one year after the Court issued Santos. Conway filed a motion for reconsideration in which he argued that his motion was timely delivered to prison authorities in February 2009. The Court rejected this claim, citing his August 3, 2009 cover letter, and denied

---

attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both." 18 U.S.C. § 1956(a)(1).

3

the motion for reconsideration. Both the District Court and this Court declined to grant Conway a certificate of appealability.

On March 5, 2012, Conway filed his first motion for relief pursuant to § 2241 in the District of New Jersey. He asserted once again that he was actually innocent of money laundering under Santos, and that therefore the plea agreement, guilty plea, conviction, and forfeiture of his property should be set aside. The District Court construed the petition as a successive motion under § 2255 and dismissed it for lack of jurisdiction because it was not based on newly discovered facts or a new rule of constitutional law. See 28 U.S.C. § 2255(h)(1)-(2). Conway filed a similar motion under § 2241 in the Eastern District of New York, which was transferred to the District of New Jersey. The District Court also construed this motion as one under § 2255 and dismissed it for lack of jurisdiction.

Conway timely appealed from the District Court's orders dismissing his petitions. On October 6, 2012, while his appeals were pending, Conway's term of supervised release expired.[3] This Court consolidated the appeals on July 10, 2013.

## II.

This consolidated appeal is from two final orders of the District Court, each dismissing habeas petitions under 28 U.S.C. § 2241. We have jurisdiction over the appeals pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the

---

[3] Since Conway is no longer serving his sentence, his habeas petition may be moot. See generally Spencer v. Kemna, 523 U.S. 1 (1998). We need not address the mootness issue, however, because we will dispose of Conway's petition based on lack of jurisdiction.

4

District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

III.

Conway argues that the District Court erred in dismissing his petitions for lack of jurisdiction. In each one, he asserted that the factual predicate for his guilty plea was insufficient to show, under Santos, that he violated 18 U.S.C. § 1957(a). Although Conway concedes that he raised this claim in his previous § 2255 petition, which the District Court dismissed as untimely, he asserts that he should be able to raise it again under § 2241 because the remedy afforded by § 2255 was inadequate.

Under § 2255(e), a petitioner may proceed under § 2241 only if a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. A § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. Accordingly, § 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations had expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (listing cases in which courts found that § 2255 was not "inadequate or ineffective" even though the petitioner was unable to raise a successful claim under it).

5

We have emphasized repeatedly that the "safety valve" provision of § 2255 is extremely narrow and applied only in rare circumstances. For example, in Dorsainvil, we allowed the petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which the petitioner had been convicted, and he had no earlier opportunity to challenge his conviction. There, the petitioner was in "an unusual situation because [the relevant Supreme Court case] was not yet decided at the time of his first § 2255 motion." Dorsainvil, 119 F.3d at 251-52.

In the present case, Conway had an opportunity to challenge his conviction in light of Santos because, in contrast to the petitioner in Dorsainvil, he had not yet filed a § 2255 motion when the Supreme Court issued its decision. Section 2255(f)(3) provides that a one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" 28 U.S.C. § 2255(f)(3). Presumably relying upon this provision, Conway filed his first § 2255 motion only six weeks after the Supreme Court decided Santos, but he subsequently withdrew the motion. Conway then waited another thirteen months before filing his second § 2255 motion, at which point his motion was time barred. The fact that Conway can no longer file a timely petition does not make the remedy afforded by § 2255 inadequate or ineffective in his case. See Cradle, 290 F.3d at 538 (holding that petitioner failed to show that his remedy under § 2255 was inadequate or ineffective where he was time barred from filing a § 2255 petition).

6

Because Conway has not shown that the remedy afforded by § 2255 is inadequate or ineffective, he cannot proceed with his Santos claim under § 2241. Thus, the District Court did not err in dismissing Conway's petition for lack of jurisdiction.

IV.

For the foregoing reasons, we will affirm the orders of the District Court.