CRICHTON, J.,
dissents and assigns reasons:
hi respectfully dissent. To be clear, I believe defendant’s conduct was wrong— the evidence at trial appears to prove the crime of theft. Nonetheless, defendant was charged with money laundering under La. R.S. 14:230(B)(2), not theft under La. R.S. 14:67(A). And because I believe La. R.S. 14:230(B)(2) is subject to multiple reasonable interpretations, the rule of construction is to resolve any doubt in favor of lenity. See State v. Freeman, 411 So.2d 1068, 1072 (La. 1982).
As Justice Scalia—writing for a plurality of the United States Supreme Court—instructs:
This venerable rule not only vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed. It also places the weight of inertia upon the party that can best induce [the Legislature] to speak more clearly and keeps courts from making criminal law in [the Legislature’s] stead.
United States v. Santos, 553 U.S. 507, 514, 128 S.Ct. 2020, 2025, 170 L.Ed.2d 912 (2008) (applying the rule of lenity to affirm a lower court’s vacating of a money-laundering conviction). Therefore, I would construe La. R.S. 14:230(B)(2) in a manner that favors defendant in this case and affirm the lower courts’ determinations that no reasonable juror could find beyond a reasonable doubt that |athe State proved this defendant committed the crime of money laundering under La. R.S. 14:230(B)(2).
GENOVESE, JUSTICE, dissents for the reasons assigned by Justice Crichton.