[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15767
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00580-JDW-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INGRID MCBRIDE RICH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 12, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Ingrid Rich appeals her sentence of 48 months' imprisonment for making a false claim against the Internal Revenue Service, in violation of 18 U.S.C. § 287, and corruptly impeding the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).  Rich contends that the government presented insufficient evidence at trial for a reasonable jury to convict her of either crime.  After careful review of the testimony and supporting evidence presented, we disagree and affirm.

We review challenges to the sufficiency of the evidence supporting a criminal conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. *United States v. Croteau*, 819 F.3d 1293, 1304 & n.6 (11th Cir. 2016) (citations omitted).  "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010) (citation omitted).

To establish that Rich made a false claim in violation of § 287, the government had to prove that (1) Rich presented a claim against a United States agency, (2) the claim was false, fictitious, or fraudulent, and (3) Rich knew the claim was false, fictitious, or fraudulent.  *Croteau*, 819 F.3d at 1305.  First, Rich acknowledges that she presented a "claim" against the IRS within the meaning of § 287.  *See* Reply Br. of Appellant at 4; *see also United States v. Pointon*, 590 F.

2

App'x 920, 924 (11th Cir. 2014) (citing *United States v. Branker*, 395 F.2d 881, 889 (2d Cir. 1968), for the proposition that a false claim against the government can be made by endorsing and cashing a check to which one is not entitled); *United States v. Allen*, 13 F.3d 105, 108 (4th Cir. 1993) (same).  Second, the witness testimony and exhibits offered during the trial clearly demonstrated that Rich's refund check was fraudulent.   Rich did not pay the money indicated on her tax return; therefore, she was not entitled to any refund, much less $510,222.  Third, because "guilty knowledge can rarely be established by direct evidence" for crimes involving fraud, *Croteau*, 819 F.3d at 1304 (quotations omitted), we allow *mens rea* to be proven by circumstantial evidence.  *United States v. Santos*, 553 U.S. 507 (2008).  The government's unchallenged account of the convoluted transactions that Rich made to hide these funds from IRS investigators sufficed for a reasonable juror to conclude that Rich knew she was not entitled to the refund.

To establish that Rich impeded the administration of the tax laws in violation of § 7212(a), the government had to prove that she "corruptly . . . obstructed or impeded, or endeavored to obstruct or impede, the due administration of the internal revenue laws."  *Croteau*, 819 F.3d at 1307 (internal quotation marks and modifications omitted).  A defendant acts "corruptly" when she "seek[s] to thwart the efforts of government officers and employees in executing the laws enacted by Congress."  *United States v. Popkin*, 943 F.2d 1535, 1540 (11th Cir.

1991).  Rich transferred the proceeds of her fraudulent refund check through ten different bank accounts, numerous cashier's checks, debit withdrawals, and business entities.  The IRS ultimately recovered only $4700—testament, as the district court suggested, to the IRS's unproductive efforts, but also adequate for a reasonable juror to conclude that Rich obstructed the administration of the tax laws in violation of § 7212(a).

In sum, the government's nine witnesses and extensive exhibits provided sufficient evidence for a rational jury to convict Rich of both offenses.  The government demonstrated that Rich deposited a fraudulently-obtained tax refund check into her bank account, then repeatedly moved and dispersed the proceeds in a bid to evade detection and recovery.  Accordingly, we affirm.

**AFFIRMED.**